**James SINGLETON, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**No. 99–3341.**

United States Court of Appeals, Federal Circuit.

DECIDED: March 29, 2001.

Richard B. Reiling, Walsh, Harrison & Reiling, of Dayton, OH, argued for petitioner.

Sara B. Rearden, Attorney, Office of General Counsel, Merit Systems Protection Board, of Washington, DC, argued for respondent. With her on the brief was Martha B. Schneider, Assistant General Counsel.

Before MICHEL, LOURIE and CLEVENGER, Circuit Judges.

CLEVENGER, Circuit Judge

James Singleton seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal for failure to state a claim upon which relief can be granted. *Singleton v. Ohio Nat'l Guard,* No. CH1221970678–B–I (M.S.P.B. May 14, 1999). We affirm.

I

■ Mr. Singleton is a technician employed by the Ohio National Guard under the terms of the National Guard Technicians Act of 1968 ("NGTA" or "the Act"). 32 U.S.C. § 709 (1994). He contends that he was denied a promotion by the adjutant general of the Ohio National Guard ("ONG") as a reprisal for his having "blown the whistle" on the ONG by disclosing what he considered to be wrongdoing at the ONG. Denial of a promotion is a prohibited personnel practice under the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302(a)(2)(A)(ii), pursuant to which relief may be granted if the adversely affected employee can satisfy the test of 5 U.S.C. § 2302(b)(8) for proving that the action was taken in reprisal for having made a protected disclosure. Mr. Singleton presented his case to the Board by seeking corrective action pursuant to 5 U.S.C. § 1221, which affords an individual right of action to employees proven to have been victimized by a prohibited personnel practice.

The Board ultimately concluded that even if Mr. Singleton can prevail on his claim that he was not promoted in reprisal for making a protected disclosure, no effective remedy could be afforded to Mr. Singleton because an order of the Board is not enforceable against the ONG. For the reasons that follow, we conclude that the Board is correct on this point, and therefore it properly dismissed Mr. Singleton's case for failure to state a claim upon which relief could be granted.

II

■ By way of background, we borrow the following description of the national guard from a previous Board decision. The national guard is an essential reserve component of the armed forces of the United States, available with regular forces in time of war, and on stand-by to be federalized to assist in controlling civil disorders. The national guard is the successor to state militias of the nation's early years, and thus is a deeply imbedded feature of our national defense system. The national guard, however, is available to serve state needs as well. Hence, the role of the national guard does not fit neatly within the scope of either state or national concerns; instead, the national guard is somewhat of a hybrid. Within each state, the national guard is a state agency, under state authority and control. At the same time, the activity, make-up, and function of the national guard are provided for, to a large extent, by federal law. *See Special Counsel v. Everett,* 28 M.S.P.R. 348, 350 (1985).

■ The NGTA provides in 32 U.S.C. § 314 for the existence of adjutants general in each state and territory, Puerto Rico, and the District of Columbia. Except for the adjutant general of the District of Columbia, who is appointed by the President of the United States, adjutants general are appointed locally and perform such duties

as are prescribed by the laws of the pertinent local jurisdiction. The NGTA also provides for the employment of technicians by the various adjutants general, and it expressly provides that such technicians are deemed to be federal employees. Subsection (e) of 32 U.S.C. § 709 states that a "technician employed under subsection (a) is an employee ... of the United States." The legislative history of the NGTA notes that technicians previously were state employees whose salaries were paid in full by the federal government. Because of a lack of nationwide uniform fringe and retirement benefits, the Act declared national guard technicians to be federal employees for the purpose of providing them with the same fringe and retirement benefits enjoyed by other federal employees. *See* H.R. Rep. No. 1823 (1968), *reprinted in* 1968 U.S.C.C.A.N. 3318, 3319; *see also Am. Fed'n of Gov't Employees v. Fed. Labor Relations Auth.*, 730 F.2d 1534, 1536–37 (D.C.Cir.1984) (stating that the NGTA vests technicians with federal employee status for the limited purpose of affording uniform fringe and retirement benefits). For purposes of enforcement of the limited employee rights afforded them by the NGTA, technicians are defined as "employees" in 5 U.S.C. § 2105(a) (" 'employee' ... means an ... individual who is—appointed in the civil service by ... an adjutant general designated ... under section 709(c) of title 32").

In this case, the adjutant general of the ONG is appointed "by the governor [of Ohio] and shall hold office during the governor's pleasure." Ohio Rev.Code Ann. § 5913.02 (West 2000). Ohio statutes set forth the qualifications and duties of the Ohio adjutant general, and expressly provide that the salary of the Ohio adjutant general is to be paid from state funds. Ohio Rev.Code Ann. §§ 5913.01, 5913.021, 141.02, 124.15 (West 2000).

### III

■ With regard to a national guard technician's rights under the WPA, the NGTA imposes severe and significant restrictions. In particular, the NGTA provides that "notwithstanding any other provision of law," which of course includes the WPA, "a reduction in force, removal, or an adverse action involving discharge from technician employment, suspension, furlough without pay, or reduction in rank or compensation shall be accomplished by the adjutant general of the jurisdiction concerned" and "a right to appeal which may exist with respect to [the above enumerated actions] shall not extend beyond the adjutant general of the jurisdiction concerned." 32 U.S.C. §§ 709(f)(3), (f)(4).

■ Even though a national guard technician is a federal employee for purposes of fringe and retirement benefits, when it comes to protection under the WPA, the NGTA by its clear terms bars a technician from federal appeal rights under Title 5 when the adverse action taken is one of those enumerated in the statute. Thus, Mr. Singleton has no right to pursue an individual right of action under 5 U.S.C. § 1221 in the event he is removed or subjected to any of the other severe adverse actions for which appeal rights lie only to the adjutant general. Mr. Singleton concedes this point, which is well-established in Board jurisprudence. *See Kostan v. Arizona Nat'l Guard*, 50 M.S.P.R. 182, 186 (1991). The question remains, however, whether a national guard technician who has made an alleged protected disclosure has the right to invoke the protections of the WPA when the reprisal action taken against the technician is not listed in the NGTA as a penalty for which appeal lies only to the adjutant general.

When the Board first considered the question of whether a state national guard should be deemed a federal agency for purposes of exercising its authority to enforce the WPA, the Board concluded that the essentially state character of the national guard precluded treating the national guard as a federal agency. The question of the state national guard's status, for WPA enforcement purposes, arose in *Special Counsel v. Everett*, 28 M.S.P.R. 348 (1985). In that case, Everett, a techni-

cian in the North Carolina Army National Guard, took an adverse personnel action against Barbee, a subordinate technician. Barbee complained to the Office of Special Counsel that his removal was a reprisal for having made a protected WPA disclosure. The Special Counsel agreed with Barbee, and initiated disciplinary proceedings before the Board to punish Everett for violation of the WPA. An administrative judge of the Board held that the national guard was subject to the WPA, but dismissed the Special Counsel's petition on the ground that Barbee had not in fact made a protected disclosure. The full Board undertook review of the decision of the administrative judge, and concluded that the state national guard is not an agency to which the WPA applies. The Board took notice of the hybrid character of the national guards—state agencies that receive substantial federal assistance and whose technicians are by statute considered federal employees. However, the Board noted that the WPA by the terms of 5 U.S.C. § 2301(a) is applicable only to executive agencies, the Administrative Office of the United States Courts,[1] and the Government Printing Office. Because national guards are not specifically included in the WPA as a covered agency, the full Board concluded that the administrative judge had erred in reaching the merits of the case. The full Board thus held that because a national guard is not an agency within the reach of the WPA, its terms could not be enforced against Everett.

Six years after its decision in *Everett*, the Board considered again in *Kostan* the question of whether a national guard should be considered a federal agency. There, however, the question did not involve enforcement of the WPA but instead concerned enforcement of Kostan's restoration rights. The Board had previously held that, with respect to such restoration rights, national guards are not to be deemed federal agencies. *See Gordon v. Massachusetts Nat'l Guard*, 42 M.S.P.R.

251 (1989). In *Gordon*, the Board followed the course it had taken in *Everett*, concluding that a national guard is not a federal agency. But in *Kostan*, the Board grappled with an uncodified section of the NGTA that had not been considered in either *Everett* or *Gordon*. The uncodified statutory NGTA language reads:

> Except as provided in this Act and in the amendments made by this Act, and notwithstanding any law, rule, regulation, or decision to the contrary, the positions of persons employed under section 709 of title 32, United States Code, existing on the day before the effective date of this Act, and the persons holding those positions on that day, shall, on and after that effective date, be considered to be positions in and employees of the Department of the Army or Department of the Air Force, as the case may be, and employees of the United States to the same extent as other positions in and employees of the Department of the Army or the Department of the Air Force.

Pub. L. No. 90–486, § 3(b), 82 Stat. 755, 757 (1968). In the light of this specific statutory language, the Board in *Kostan* determined that a national guard technician must be considered to be an employee of a federal agency. Accordingly, the Board overruled its previous decision in *Everett*.

Shortly thereafter, the Board had another occasion to consider whether a national guard should be considered a federal agency for purposes of enforcement of the WPA. In *Ockerhausen v. New Jersey*, 52 M.S.P.R. 484 (1992), the Board referred again to the uncodified provision of the NGTA recited in *Kostan*, and concluded that national guard technicians, being treated as employees of their corresponding federal military department, must be treated as employees of a federal agency. Ockerhausen, however, had been removed

---

1. In 1990, Congress amended 5 U.S.C. § 2301(a) to no longer apply to the Administrative Office of the United States Courts.

Administrative Office of the United States Courts Personnel Act of 1990, Pub. L. No. 101–474, § 5(c), 104 Stat. 1097, 1099 (1990).

from his technician job in reprisal for an alleged protected WPA disclosure. Since any remedy for a removal is expressly and solely reserved in the NGTA to the state adjutant general, the Board dismissed Ockerhausen's petition for want of jurisdiction. Coming full circle, however, the Board held that it does have jurisdiction to consider WPA cases so long as NGTA has not expressly reserved the avenue of appeal to the state adjutant general.

■ Board precedent seems not to have considered the anomaly presented by the fact that severe adverse personnel actions, such as removals and reductions in rank and compensation, can be taken by adjutants general with no consequences under the WPA whatsoever, while relatively lesser adverse personnel actions, for example a half-day suspension, may be pursued fully by an individual right of action. The purpose of the WPA is to encourage federal employees to bring to light situations that an employee reasonably believes to evidence a violation of law, or gross mismanagement, gross waste of funds, abuse of authority, and other unwanted circumstances in federal government. It hardly makes sense for Congress to have excluded national guard technicians from protection under the WPA in situations where the employees are treated in reprisal very harshly, say, with removal for making protected disclosures, while affording WPA protection to similarly-situated employees who assert WPA rights after receiving adverse actions of much lesser impact. In other words, if Congress intended for the governmental benefits of the WPA to apply when governmental wrong-doing occurs in a national guard, it seems odd indeed that those benefits can only be assured if the national guard takes only modest adverse actions in reprisal for a technician's protected disclosure. This anomaly, coupled with the very limited purposes for which technicians are deemed by the NGTA to be federal employees, and with the Board's previous awareness that the WPA by its terms does not expressly seek to reach national guard entities, mounts a strong counter argument to the proposition that the uncodified text of the NGTA requires the Board to assume jurisdiction over WPA cases when the adverse actions against national guard technicians are less severe than the actions over which the Board clearly has no WPA enforcement powers. We need not decide in this case, however, whether the NGTA should be interpreted to preclude all aspects of WPA enforcement by the Board. This is so because even if Mr. Singleton were to prevail in his individual right of action based on his alleged failure of promotion, we agree that the Board lacks the power to enforce any order it would issue in Mr. Singleton's favor.

IV

■ We thus turn to the Board's enforcement powers. The Board is a creature of limited authority, enjoying and exercising only the powers vested in it by Congress. *Cruz v. Dep't of the Navy*, 934 F.2d 1240, 1243 (Fed.Cir.1991). The Board is authorized to adjudicate all matters within its jurisdiction and to take final action on any such matter. 5 U.S.C. § 1204(a)(1) (1994). In the event the Board exercises its adjudicative powers under section 1204(a)(1), it is expressly authorized to "order any Federal agency or employee to comply with any order or decision issued by the Board under the authority granted under paragraph (1) of this subsection and enforce compliance with any such order." 5 U.S.C. § 1204(a)(2) (1994).

If the Board were to rule in Mr. Singleton's favor on his individual right of action, relief for Mr. Singleton would have to come in the form of an order by the Board to direct some corrective action by the ONG. The adjutant general of the ONG is not a federal employee, as that term is defined in Title 5. Therefore, no order of the Board may be directed to the adjutant general. The Governor of Ohio similarly is not a federal employee, and consequently no order of the Board could command the Governor to order a corrective act to be

taken by the adjutant general. If the ONG is a federal agency, as the Board has held, then an order could hypothetically issue by the Board commanding the ONG to take some action in Mr. Singleton's favor. But the ONG itself, even if considered a federal agency, can act only through its adjutant general. So if the Board were to order the ONG to direct the adjutant general to take an act, the Board would lack any authority over the adjutant general to compel him to perform the ordered act. In this case, the corrective order would involve some personnel action in favor of Mr. Singleton. That action would not fall into the category of a mandatory act, one compelled by an express law, and consequently even the remedy of mandamus would not be available to enforce a Board order. *See Heckler v. Ringer,* 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) (stating that the remedy of mandamus is only available if the defendant owes the plaintiff a clear nondiscretionary duty).

For these reasons, the Board has determined that its orders are not enforceable against state national guards, and for that reason, the Board is without power to supply an effective remedy even in the instance of a federal employee who can prevail on the merits of a WPA claim over which the Board considers itself vested with jurisdiction. *See Melendez v. Puerto Rico Nat'l Guard,* 70 M.S.P.R. 252 (1996), *appeal dismissed,* 152 F.3d 943 (Fed.Cir. 1998). For instance, were Mr. Singleton to prevail, the Board could not implement any order concerning back pay, front pay, damages, correction of records, or other similar matters. *See McVay v. Ark. Nat'l Guard,* 80 M.S.P.R. 120 (1998).

As the Board indicated in this case, the most that Mr. Singleton might obtain would be a declaration that he had been treated improperly with respect to the promotion denied to him. Such a declaration is hardly effective relief, and instead would be a mere advisory opinion, an act that the Board is barred by statute from taking. *See* 5 U.S.C. § 1204(h) (1994). Because

Mr. Singleton cannot obtain effective relief on his WPA cause of action, the Board was correct in dismissing his claim as one for which relief cannot be granted.

AFFIRMED