NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-5011

MICHAEL J. ALEXANDER,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

DECIDED:   August 3, 2005

Before MICHEL, <u>Chief Judge</u>, SCHALL, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

DECISION

Michael J. Alexander appeals the decision of the United States Court of Federal Claims that dismissed, for lack of subject matter jurisdiction, his claims for reinstatement as a National Guard technician and for backpay.  <u>Alexander v. United States</u>, No. 01-CV-540 (Fed. Cl. Aug. 31, 2004).  We <u>affirm</u>.

DISCUSSION

I.

Mr. Alexander was employed as an excepted service technician with the Michigan Air National Guard ("Guard") as an instructor pilot. Based upon allegations that he had abused alcohol, the Guard suspended his security clearance. In July of 1995, Mr. Alexander's commander ordered him to undergo a one month alcohol rehabilitation program at Wright-Patterson Air Force Base in Ohio. Mr. Alexander did not undergo treatment in the program, however.

On August 25, 1995, Mr. Alexander was notified that he would be terminated from his Guard position for failing to meet the required qualifications, namely, "failure to maintain [] flying status and required security clearance." According to the SF-50 terminating Mr. Alexander, the Guard considered him to have resigned voluntarily.

On October 28, 1995, the Guard informed Mr. Alexander that if he did not receive alcohol rehabilitation treatment, he would be dishonorably discharged from his commission as an officer in the Guard, unless he voluntarily resigned first. Mr. Alexander submitted a resignation letter dated November 8, 1995. He was released from his position effective January 30, 1996.

At the request of Mr. Alexander's congressional representative, the Inspector General of the Department of Defense ("IG") investigated Mr. Alexander's case. The IG concluded that Mr. Alexander's commander had exceeded his authority by ordering him to undergo alcohol rehabilitation at Wright-Patterson AFB. The IG also concluded that the commander did not have authority to suspend Mr. Alexander's security clearance.

Thus, the IG concluded that Mr. Alexander still maintained his security clearance and that his termination was not in accordance with pertinent regulations.

Mr. Alexander twice sought reinstatement with the Guard. On his second attempt, he submitted the IG's report. However, the Michigan Adjutant General ("AG"), Major General E. Gordon Stump, took the position that he was not bound by the IG's report, and that the managerial errors noted by the IG did not show Mr. Alexander's fitness for a position with the Guard.

In due course, Mr. Alexander filed suit in the United States Court of Federal Claims, charging violations of the Due Process Clause of the Fifth Amendment, the Due Process and Equal Protection Clauses of the Fourteenth Amendment, and violations of the National Guard Technicians Act of 1968, 32 U.S.C. § 709 (2000) ("NGTA"). Mr. Alexander alleged that neither his termination nor resignation was voluntary, and he sought reinstatement and/or back pay under the Back Pay Act, 5 U.S.C. § 5596 (2000). Alternatively, he sought severance pay under 5 U.S.C. § 5595(b) (2000).

The Court of Federal Claims dismissed, for lack of subject matter jurisdiction, all of Mr. Alexander's claims, except his claim for severance pay under 5 U.S.C. § 5595(b). On that claim, the court eventually rendered judgment in Mr. Alexander's favor for approximately $10,000. Mr. Alexander appeals from the court's dismissal of his other claims. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

II.

We review jurisdictional determinations of the Court of Federal Claims de novo. See Tex. Peanut Farmers v. United States, 409 F.3d 1370, 1372 (Fed. Cir. 2005).

"[T]he role of the national guard does not fit neatly within the scope of either state or national concerns; instead, the national guard is somewhat of a hybrid. Within each state, the national guard is a state agency, under state authority and control. At the same time, the activity, make-up, and function of the national guard are provided for, to a large extent, by federal law." Singleton v. MSPB, 244 F.3d 1331, 1333 (Fed. Cir. 2001). The NGTA provides for state adjutants general in each state and territory, who, among other things, may employ technicians. 32 U.S.C. §§ 314, 709(d). National Guard technicians are deemed to be federal employees for purposes of providing them with the same fringe and retirement benefits that are provided to other federal employees. See Singleton, 244 F.3d at 1334.

The NGTA makes clear that the state adjutants general have exclusive jurisdiction over appeals by technicians who have been separated from civilian employment for the following reasons: (1) loss of membership in the National Guard; (2) failing to meet military security standards; (3) for cause; or (4) due to "a reduction in force, removal, or an adverse action involving discharge from technician employment, suspension, furlough without pay, or reduction in rank or compensation." 32 U.S.C. § 709(f)(1)-(3). In these cases, "a right of appeal which may exist . . . shall not extend beyond the adjutant general of the jurisdiction concerned." Id. § 709(f)(4).

We agree with the Court of Federal Claims that Mr. Alexander's claims for reinstatement and back pay are not within that court's jurisdiction, because exclusive jurisdiction over those claims lies with the Michigan adjutant general. Mr. Alexander argues that the Court of Federal Claims has jurisdiction to review removals occurring outside prescribed regulations. That is true. However, a termination decision cannot be

determined erroneous or outside prescribed regulation until it is first reviewed.  At the same time, section 709(f)(4) provides that the state adjutant general is the last stop for review of decisions, such as those in this case, falling within 32 U.S.C. § 709(f)(1)-(3).

For the foregoing reasons, the decision of the Court of Federal Claims dismissing all of Mr. Alexander's claims except his claim for severance pay is affirmed.

Each party shall bear its own costs.