NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RAKHMATULLA ASATOV,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2013-3020

---

Petition for review of the Merit Systems Protection Board in No. PH1221120263-W-1.

---

Decided: May 13, 2013

---

RAKHMATULLA ASATOV, of Plainville, Connecticut, pro se.

CALVIN M. MORROW, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were BRYAN G. POLISUK, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before MOORE, BRYSON, and LINN, *Circuit Judges.*

PER CURIAM.

Rakhmatulla Asatov applied for several national guard technician positions with the Connecticut National Guard. He was found ineligible for six positions and was not selected for two other positions. He then filed a complaint with the Office of Special Counsel seeking corrective action. When that office terminated its investigation, Mr. Asatov filed an Individual Right of Action appeal to the Board, alleging that he was not selected because he had engaged in protected whistleblowing activity. The administrative judge who was assigned to the case ruled that, although the Board had jurisdiction to review Mr. Asatov's whistleblower claims,[1] it lacked the authority to provide him relief. The administrative judge explained that because the adjutant general, the responsible official of the Connecticut National Guard, is a state appointee, the Board lacks the power to order any remedial action. Mr. Asatov appealed to this court.

Our decision in *Singleton v. Merit Systems Protection Board*, 244 F.3d 1331 (Fed. Cir. 2001), forecloses Mr. Asatov's argument on appeal. In that case we held that the Board lacked the authority to order the adjutant general of the Ohio National Guard to grant relief to a national guard technician who claimed he was denied a promotion as a result of his whistleblower activity. The *Singleton* court recognized that the national guard has a "hybrid" state-federal character. *Id.* at 1333. The national guard serves as a reserve component of the United States military, and federal law provides for the positions of both adjutant general and national guard technician.

---

[1]    Because the Board dismissed Mr. Asatov's appeal on other grounds, we assume without deciding that 32 U.S.C. § 709(f) does not deprive the Board of jurisdiction to hear Mr. Asatov's appeal. *See Singleton v. Merit Sys. Prot. Bd.*, 244 F.3d 1331, 1336 (Fed. Cir. 2001).

32 U.S.C. §§ 314, 709(a), (d). In addition, 32 U.S.C. § 709(e) classifies a national guard technician as a federal employee for purposes of fringe and retirement benefits. *Singleton*, 244 F.3d at 1334. However, the national guard of each state is an agency of that state; in *Singleton*, we noted, the adjutant general of the Ohio National Guard was appointed by the Governor.[2] *Id.* at 1333-34. As such, the adjutant general did not fall within the Board's power to "order any Federal agency or employee to comply with any order or decision issued by the Board." 5 U.S.C. § 1204(a)(2). Because the adjutant general was the responsible official in the Ohio National Guard, any order by the Board to grant Singleton a promotion would have improperly compelled the adjutant general's compliance. 244 F.3d at 1336-37. The court therefore held that the Board could not offer Singleton any effective relief.

*Singleton* governs this case. The adjutant general of the Connecticut National Guard is appointed by the Governor. Conn. Gen. Stat. § 27-19 (2011). He is therefore a state official; the Board accordingly lacks statutory authority to order the adjutant general to alter his employment practices or decisions in response to a Board decision. As this court held in *Singleton*, the Board's "orders are not enforceable against state national guards." 244 F.3d at 1337. Mr. Asatov's argument to the contrary has already been considered and rejected by this court.

Mr. Asatov's attempts to distinguish his case are unpersuasive. He states that the adjutant general has delegated his responsibilities under the Whistleblower

---

[2] Other circuits have held that the adjutant general may be a federal agent for certain purposes. *See Gilliam v. Miller*, 973 F.2d 760, 762 (9th Cir. 1992); *Costner v. Okla. Army Nat'l Guard*, 833 F.2d 905, 907 (10th Cir. 1987); *NeSmith v. Fulton*, 615 F.2d 196, 199 (5th Cir. 1980). However, those cases do not speak to the Board's authority under 5 U.S.C. § 1204(a)(2), and they are not in conflict with this court's ruling in *Singleton*.

Protection Act to the director of the human resources department, who is a federal employee. *See* 5 U.S.C. § 2302(c); *cf.* 5 U.S.C. § 302(b) (discussing delegation of agency authority). But the administrative judge properly determined that the delegation does not change the fact that any remedial order must be directed to the adjutant general. As this court reasoned in *Singleton*, a state's national guard "can act only through its adjutant general." 244 F.3d at 1337. An order addressed to a subordinate still compels the adjutant general to accept the Board's decision.

Mr. Asatov responds by analogy, noting that 5 U.S.C. § 1204(e)(2)(A) permits the Board to suspend the pay of any federal employee "charged with complying with [the Board's remedial] order" unless that employee is a principal officer—i.e., a presidential appointee confirmed by the Senate. When an agency headed by a principal officer fails to respond satisfactorily to an order, the Board has in some cases suspended the pay of a subordinate with delegated responsibilities, such as a director of human resources. Mr. Asatov concludes that, just as the Board may suspend the pay of a subordinate federal employee to ensure compliance with its orders, it should be able to order the director of human resources for the Connecticut National Guard to comply with a decision in Mr. Asatov's favor.

That argument conflates the Board's remedial authority over a federal agency or responsible federal employee under section 1204(a)(2) with the method prescribed in section 1204(e)(2)(A) for enforcing compliance with such a remedial order. The latter provision merely enforces the former; an agency may invoke section 1204(e)(2)(A) only "[i]n enforcing compliance with any order under subsection (a)(2)." That section does not grant the Board independent remedial authority over federal employees working in state agencies under the direction of state-appointed officials. The Board may order a federal employee's pay suspended only if there is a federal agency or

decisionmaker that it may direct to provide the mandated relief. In this case, both the Connecticut National Guard and its adjutant general fall outside the Board's remedial power.

Mr. Asatov's analogies to other federal statutes are likewise inapt. He points out that the Board has issued remedial orders to state agencies under the Hatch Act. But the Board has specific statutory authority to enforce the Hatch Act against state and local entities. 5 U.S.C. § 1506(a). That kind of statutory grant of authority is precisely what is missing in this case. Similarly, Mr. Asatov argues that the Board's decision ignores 5 U.S.C. § 2302(a)(2)(C), which lists the agencies covered by the Whistleblower Protection Act. However, Mr. Asatov fails to distinguish between the coverage of the Act and the Board's authority to enforce it. He also points to 38 U.S.C. §§ 4303(4)(B) and 4323(a), which pertain to the enforcement of service members' employment rights against state employers. But those provisions do not authorize the Board to order any relief.

Finally, Mr. Asatov argues that the Board's recent decisions are inconsistent with its previous position that it may exercise remedial authority over the national guard. Regardless of the merits of Mr. Asatov's characterization of the Board's precedent, he has not shown how his claim can survive *Singleton*.[3] We therefore we affirm the dismissal of his appeal.

---

[3] Mr. Asatov seeks to distinguish *Singleton* on the ground that, unlike the appellant in *Singleton*, he was merely an applicant to become a national guard technician. However, the decision in *Singleton* was based on the legal status of the adjutant general as a state official, not the status of the claimant, so that distinction is of no aid to Mr. Asatov.

In his reply brief, Mr. Asatov tries to avoid the force of *Singleton* by styling his appeal as a petition for manda-

No costs.

**AFFIRMED**

---

mus.  However, he waived any argument that he is enti-
tled to mandamus relief by not presenting it in his open-
ing brief.  *SmithKline Beecham Corp. v. Apotex Corp.*, 439
F.3d 1312, 1319-20 (Fed. Cir. 2006).  In any event, he has
failed to show why invoking a different vehicle for review
enables him to avoid the basic problem that the Board
lacks statutory authority to enter a remedial order
against the adjutant general of the Connecticut National
Guard.