NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**RAKHMATULLA ASATOV,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

_____

2013-3124

_____

Petition for review of the Merit Systems Protection Board in No. PH4324130227-I-1.

_____

Decided: December 18, 2014

_____

RAKHMATULLA ASATOV, of Plainville, Connecticut, pro se.

NICOLE DECRESCENZO, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief was BRYAN G. POLISUK, General Counsel.

_____

Before NEWMAN and DYK, *Circuit Judges.*[*]

NEWMAN, *Circuit Judge.*

Mr. Rakhmatulla Asatov appeals the decision of the Merit Systems Protection Board ("MSPB" or "Board") dismissing the appeal of his non-selection for two employment positions with the Connecticut Army National Guard for failure to state a claim on which relief can be granted.[1]  The MSPB stated that it cannot order that remedial action be taken by the state authority that controls the employment of National Guard technicians, and thus "even if [Mr. Asatov] establishes the Board's jurisdiction over his VEOA [Veterans Employment Opportunity Act] and USERRA [Uniformed Services Employment and Reemployment Rights Act] claims, it does not appear that the Board can provide him with effective relief in the event he prevails."  MSPB Op. at 3.

Mr. Asatov argues that since National Guard technicians are federal employees, the VEOA and USERRA apply, and that his rights under these statutes were violated when the Connecticut Army National Guard failed to hire him for certain National Guard technician positions.  The Department of Labor notified Mr. Asatov of the right to appeal his VEOA claim to the MSPB.

The MSPB dismissed his appeals for failure to state a claim upon which relief can be granted.  It stated that even if the subject matter is within the Board's jurisdiction, MSPB orders are not enforceable against State

---

[*]    Randall R. Rader who retired from the position of Circuit Judge on June 30, 2014, did not participate in this decision.

[1]    *Asatov v. Dep't of the Army,* Nos. PH-3330-12-0306-I-1; PH-4324-13-0227-I-1 (MSPB March 29, 2013) ("MSPB Op.").

adjutants general. This court has accepted and endorsed that position.

In *Melendez v. Puerto Rico National Guard*, 70 M.S.P.R. 252 (1996), *appeal dismissed* 152 F.3d 943 (Fed. Cir. 1998), the Board held that "because the Puerto Rico National Guard is not a federal entity and because the adjutant general is not a federal employee, the Board has no authority to enforce its decision in this case." *Id.* at 253–54. The Board again held in *McVay v. Arkansas National Guard*, 80 M.S.P.R. 120 (1998), that even if the appellant could prevail on the merits of his claim against a state National Guard, he would be without a remedy, and that an MSPB decision on the merits would be a prohibited advisory opinion. *Id.* at 124–25.

The Federal Circuit agreed with this position, holding in *Singleton v. MSPB*, 244 F.3d 1331 (Fed. Cir. 2001), that "[MSPB] orders are not enforceable against national guards." *Id.* at 1337. In *Singleton*, a National Guard technician sought remedy in the MSPB against the Ohio National Guard for violation of the Whistleblower Protection Act. On appeal the Federal Circuit received the argument that "[t]he Adjutant General of the State of Ohio is an agency of the Federal Government as 32 U.S.C. § 709 charges him with employment and administration of civilian technicians who are federal employees." Brief of Petitioner at 12, *Singleton v. Merit Sys. Prot. Bd.*, 244 F.3d 1331 (Fed. Cir. 2001). We held that the adjutant general is an employee of the State, and that since the National Guard can act only through its adjutant general in employment matters, and "no order of the Board may be directed to the Adjutant General," the Board has no enforceable remedy. *Id.* at 1336. We affirmed the MSPB's dismissal on the ground that the appellant had failed to state a claim upon which relief can be granted.

Mr. Asatov states that the precedent on which the MSPB relied is conflicting or incorrect and should be

overruled. He points to *Sanford v. Connecticut National Guard*, 50 M.S.P.R. 120 (1991), where the MSPB held that "national guard technicians are employees of an agency in the executive branch who may appeal a restoration claim to the Board." *Id.* at 123. Mr. Asatov argues that *Sanford* was never overruled, and that the several conflicting opinions should be resolved in favor of traditional appeal rights. However, in *Parker v. Office of Personnel Management*, the MSPB explained that *Sanford* is "no longer effective" for restoration actions because a judicial remedy is available:

> USERRA confers jurisdiction on the United States district courts to consider restoration actions brought on behalf of individuals by the United States against State employers. 38 U.S.C. § 4323(b)(1). With regard to an individual who is not represented by the United States, USERRA provides that the individual may bring an action against a State employer in a State court of competent jurisdiction. 38 U.S.C. § 4323(b)(2).

90 M.S.P.R. 480, 489 n.6 (2002), *rev'd on other grounds*, 93 M.S.P.R. 529 (2003).

The MSPB and the Federal Circuit have relied on 5 U.S.C. § 1204(a)(2), which limits the MSPB's enforcement authority to a "Federal agency or employee," to hold that the MSPB lacks enforcement power in cases involving National Guard technician employment matters, even if subject matter jurisdiction exists. Applying this precedent, we conclude that Mr. Asatov's appeal to the MSPB was correctly dismissed for failure to state a claim upon which relief can be granted.

The National Guard Technicians Act, section 709(d) provides that the state adjutant general will "employ and administer the technicians," including the "dual status" positions for which Mr. Asatov applied. The Act provides:

§ 709 (a) Under regulations prescribed by the Secretary of the Army or the Secretary of the Air Force, as the case may be, and subject to subsections (b) and (c), persons may be employed as technicians in—

> (1) the organizing, administering, instructing, or training of the National Guard;

> (2) the maintenance and repair of supplies issued to the National Guard or the armed forces; and

> (3) the performance of the following additional duties

> . . .

(b) Except as authorized in subsection (c), a person employed under subsection (a) must meet each of the following requirements:

> (1) Be a military technician (dual status) as defined in section 10216 (a) of title 10.

> (2) Be a member of the National Guard.

> . . .

Section 709(f) provides that no appeal can be taken from a designated employment action beyond the adjutant general:

> (3) a reduction in force, removal, or an adverse action involving discharge from technician employment, suspension, furlough without pay, or reduction in rank or compensation shall be accomplished by the adjutant general of the jurisdiction concerned.

>  (4) a right of appeal which may exist with respect
>  to paragraph [3] *shall not extend beyond the adju-*
>  *tant general of the jurisdiction concerned . . . .*

(Emphasis added).

The legislative history of the National Guard Techni-
cians Act provides background for the *Singleton* decision.
The Senate Report on the National Guard Technicians
Act states that a "principal feature" of the Act is the
"[r]equirement for adjutants general to be the sole agent
for employment and administration of [the] technician
program under regulations prescribed by the Secretary
concerned." S. Rep. No. 90-1446 (2d Sess. 1968). The
Report explains that the designation of the state adjutant
general "to employ and administer the technicians" is

>  intended to achieve two purposes: (a) *recognize the*
>  *State character of the Guard* and (b) meet the re-
>  quirement of giving the *adjutants general (who*
>  *are State officers)* the statutory function of em-
>  ploying Federal employees.

*Id.* at 15 (emphases added); *see also* 114 Cong. Rec. 23,251
(July 25, 1968) (remarks of Sen. Stennis) ("The basic
purpose of this bill, Mr. President, is to provide Federal
employee status for the technicians thereby establishing
for them a uniform and adequate retirement and fringe
benefit program and at the same time provide for *statuto-*
*ry administrative authority at the state level* for the tech-
nician program in recognition of the military
requirements and State characteristics of the National
Guard." (emphasis added)).

USERRA, one of the statutes invoked by Mr. Asatov,
provides for a judicial appeal path in district or state
court. In defining the term "employer," USERRA pro-
vides: "In the case of a National Guard technician em-
ployed under section 709 of Title 32, the term 'employer'
means the adjutant general of the State in which the

technician is employed." 38 U.S.C. § 4303(4)(B). The procedure for "[e]nforcement of [USERRA] rights with respect to a State or private employer" is set out in 38 U.S.C. § 4323, which provides for district court jurisdiction over actions against a state commenced by the United States, and state court jurisdiction over actions against a state commenced by a person. The National Guard federal regulations explain that "[a]n action brought against a State Adjutant General, as an employer of a civilian National Guard technician, is considered an action against a State for purposes of determining which court has jurisdiction." 20 C.F.R. § 1002.305.

The legislative purpose of the National Guard Technicians Act has been reviewed in various contexts. In *American Federation of Government Employees AFL-CIO, Local 2953 v. Federal Labor Relations Authority*, 730 F.2d 1534 (D.C. Cir. 1984), the District of Columbia Circuit discussed the status of National Guard technicians for the purpose of determining whether a state adjutant general is required to engage in certain collective bargaining negotiations. The court reviewed the legislative structure:

> It thus appears that the scheme of the National Guard Technicians Act is to create the technicians as nominal federal employees for a very limited purpose and to recognize the military authority of the states through their Governors and Adjutants General to employ, command and discharge them. The employment, discipline and discharge of technicians remains completely with the state officials, and their day to day activities on the job are controlled at the state level. In addition, no appeal lies from personnel decisions of the adjutants general.

*Id.* at 1537–38.

Also in the context of collective bargaining rights, the Federal Labor Relations Authority held that "[u]nder the Technician Act, general authority over employment is vested in state officials—at least to some degree—as is unreviewable authority over discipline, separations, and reductions in force." *U.S. Dep't of Def. Nat'l Guard Bureau*, 55 F.L.R.A. 657, 661 (1999). It has also noted that National Guard technicians "have no appellate rights to the Merit Systems Protection Board." *Dep't of Def., Nat'l Guard Bureau*, 13 F.L.R.A. 232, 234 (1983).

The consistent position of these federal agencies, and the accumulated weight of precedent in a variety of situations, reinforce the conclusion that appeal to the MSPB was excluded in the statutory plan for National Guard technician employment matters. The MSPB's dismissal of Mr. Asatov's appeal is affirmed.

**AFFIRMED**

No costs.