# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RICH BRADLEY,<br>Appellant, | DOCKET NUMBER<br>DA-1221-22-0365-W-1 |
| v. | |
| DEPARTMENT OF THE AIR FORCE,<br>Agency. | DATE: January 8, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Michael Kleinman, Esquire, Houston, Texas, for the appellant.

Barry D. Elliott, Austin, Texas, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**REMAND ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for failure to state a claim upon which relief can be granted. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2 The appellant was appointed to the position of Physician (Aerospace Medicine) on January 31, 2021. Initial Appeal File (IAF), Tab 10 at 35. The agency cited provisions of the National Defense Authorization Act for Fiscal Year 2017 (2017 NDAA), Pub. L. No. 114-328, 130 Stat. 2000 (2016), as the legal authority for the appointment. *Id.* He was terminated during his trial period effective January 14, 2022. *Id.* at 11-12. The appellant filed a complaint with the Office of Special Counsel (OSC) alleging that the agency terminated him and initiated a Quality Assurance Investigation (QAI) in reprisal for whistleblowing. IAF, Tab 1 at 9-10, Tab 4 at 32-45. After OSC informed the appellant that it was closing its investigation into his complaint, he filed this IRA appeal. IAF, Tab 1.

¶3 In response to the appeal, the agency argued that the Board could not order any relief because it lacks the authority to order the Adjutant General of Texas, a state employee, to take any remedial action regarding the appellant's employment. IAF, Tab 10 at 6-7. After giving the appellant an opportunity to address the issue of relief, IAF, Tab 11, the administrative judge issued an initial decision dismissing the appeal, IAF, Tab 21, Initial Decision (ID). The administrative judge found that the Board has jurisdiction over the appellant's whistleblower reprisal claim as to his termination, but not as to the QAI. She found that the appellant's termination was accomplished by the Adjutant General of Texas and that under *Singleton v. Merit Systems Protection Board*, 244 F.3d 1331, 1336-37 (Fed. Cir. 2001), the Board lacks authority to compel a state adjutant general to perform an ordered act. ID at 8-11. The administrative judge acknowledged that the 2017 NDAA had extended Board appeal rights to certain National Guard employees, but she found that it did not specifically grant the Board authority to order relief against a state entity such as an adjutant general. ID at 11-12.

¶4 The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. He argues that the Board has authority to order effective relief in this case, whether by ordering the Department of the

Air Force to provide relief or by treating the Texas National Guard as a Federal agency for purposes of this appeal. *Id.* at 16-24. He also argues that the administrative judge erred in finding that the Board lacks jurisdiction over his claim that the agency initiated an investigation in reprisal for his whistleblowing. *Id.* at 10-16. The agency has responded in opposition to the appellant's petition for review, PFR File, Tab 3, and the appellant has filed a reply, PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge correctly found that the Board lacks jurisdiction over the appellant's claim that the agency initiated an investigation in reprisal for whistleblowing.</u>

¶5      On petition for review, the appellant challenges the administrative judge's finding that the Board lacks jurisdiction over his claim that the agency initiated a QAI about him in reprisal for his protected disclosures and activities.[2] PFR File, Tab 1 at 10-16. For the reasons set forth below, we agree with the administrative judge.

¶6      The agency initiated the allegedly retaliatory QAI in March 2022, IAF, Tab 4 at 24-25, approximately 2 months after the appellant's termination, IAF, Tab 10 at 11. The administrative judge found that the Board lacked jurisdiction over the claim arising out of the QAI both because the appellant was neither an employee nor an applicant for employment at the time it was initiated, and because the QAI was neither a personnel action covered under 5 U.S.C. § 2302(a)(2)(A) nor closely related to a personnel action. ID at 6-8.

¶7      The right to file an IRA appeal derives from 5 U.S.C. § 1221(a), which provides a right to seek corrective action before the Board to "an employee, former employee, or applicant for employment." *Maloney v. Executive Office of the President, Office of Administration*, 2022 MSPB 26, ¶ 33. Although former

---

[2] On petition for review, neither party challenges the administrative judge's finding that the Board has jurisdiction over the appellant's claim that the agency terminated him in reprisal for his protected disclosures and activities. ID at 2-6, 8. We see no reason to disturb that finding.

employees are included among those who can seek corrective action from the Board, they cannot do so for matters occurring after their employment. *See Guzman v. Office of Personnel Management*, 53 F. App'x 927, 929-30 (Fed. Cir. 2002) (holding that a former employee may not seek corrective action for alleged disclosures made or retaliatory acts taken after his employment ended)[3]; *Weed v. Social Security Administration*, 113 M.S.P.R. 221, ¶ 11 (2010) (citing this principle from *Guzman* with approval).  Section 2302(b)(8) prohibits any employee in a position of authority from taking, failing to take, or threatening to take "a personnel action with respect to any *employee* or *applicant*."  5 U.S.C. § 2302(b)(8) (emphasis added).  Section 2302(b)(9) similarly prohibits personnel actions taken "against any *employee* or *applicant*" because of certain classes of protected activity.  5 U.S.C. § 2302(b)(9) (emphasis added).  Therefore, we agree with the administrative judge that the appellant cannot seek corrective action for an alleged personnel action that occurred after he was no longer a Federal employee.

The Board has authority to grant relief in this appeal.

¶8        The Board has the authority to "order any Federal agency or employee to comply with any order or decision issued by the Board" in matters falling within its jurisdiction.  5 U.S.C. § 1204(a)(1)-(2).  In *Singleton*, 244 F.3d at 1333, 1336-37, the Federal Circuit determined that the Board could not order an adjutant general to provide relief to a National Guard technician employee.  It reasoned that an adjutant general is not a Federal employee, and a National Guard, even if an agency, "can only act through its adjutant general."  *Id*.  The administrative judge applied the holding in *Singleton* and determined that the 2017 NDAA did not compel a different outcome.  ID at 11-12.  This was error.

---

[3] The Board may follow a nonprecedential decision of the U.S. Court of Appeals for the Federal Circuit when, as here, it finds its reasoning persuasive.  *LeMaster v. Department of Veterans Affairs*, 123 M.S.P.R. 453, ¶ 11 n.5 (2016).

¶9         The holding in *Singleton* that the Board lacks the authority to issue enforceable orders to remedy improper employment actions taken against National Guard technicians has been abrogated by Congress's changes to 32 U.S.C. § 709, enacted as part of the 2017 NDAA. *Erdel v. Department of the Army*, 2023 MSPB 27, ¶¶ 11-16. In any event, the appellant was not a dual status National Guard technician. The agency appointed the appellant under the authority of section 932 of the 2017 NDAA.[4] IAF, Tab 10 at 35. Section 932 amended 10 U.S.C. § 10508 to authorize the Chief of the National Guard Bureau to employ individuals within the National Guard Bureau and the National Guard of each state and territory. 130 Stat. at 2363 (codified as amended at 10 U.S.C. § 10508(b)(1)). Section 932 further authorizes the Chief of the National Guard Bureau to designate adjutants general to employ National Guard employees. *Id.* (codified at 10 U.S.C. § 10508(b)(2)). Section 932 provides that the adjutant general and National Guard of a jurisdiction are responsible for taking and defending any personnel action against employees appointed under its authority, stating as follows:

> The adjutant general of the jurisdiction concerned shall be considered the head of the agency and the National Guard of the jurisdiction concerned shall be considered the employing agency of the individual and the sole defendant or respondent in any administrative action.

> The National Guard of the jurisdiction concerned shall defend any administrative complaint, grievance, claim, or action, and shall promptly implement all aspects of any final administrative order, judgment, or decision.

130 Stat. at 2363-64 (codified at 10 U.S.C. § 10508(b)(3)(A)-(B)). It would be implausible for Congress to have specifically provided for an administrative remedy for improper personnel actions, but for there to be no relief available

---

[4] The agency also cited section 1084 of the 2017 NDAA, codified at 10 U.S.C. § 10217, as authority for the appellant's appointment. IAF, Tab 10 at 35. However, that provision does not actually authorize the appointment of new employees such as the appellant. *See* 130 Stat. at 2421.

from the Board, which has jurisdiction under 5 U.S.C. § 1221 to adjudicate whistleblower reprisal claims arising out of such actions. *See Erdel*, 2023 MSPB 27, ¶ 11 (observing that it would be "beyond strange" for Congress to have specifically amended two statutory provisions in different titles of the United States Code to provide for Board appeal rights to National Guard technicians, but for there to be no relief available from the Board).

¶10 We note that whereas *Erdel* involved an appeal of a chapter 75 removal action, the instant case involves a request for corrective action under 5 U.S.C. § 1221 for alleged whistleblower reprisal. However, that distinction does not affect the Board's ability to order relief here. Section 932 authorizes adjutants general to accomplish "all personnel actions or conditions of employment, including adverse actions under title 5," and to defend "any administrative complaint, grievance, claim, or action arising from, or relating to, such a personnel action or condition of employment." 130 Stat. at 2363-64 (codified at 10 U.S.C. § 10508(b)(3)). Based on that broad statutory language, we find that Congress did not intend to limit the Board's remedial authority regarding National Guard employees to a particular subset of personnel actions or types of appeals.

¶11 Accordingly, we vacate the administrative judge's finding that the appellant failed to state a claim upon which relief can be granted.

## ORDER

¶12    For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.[5]

Jennifer Everling

FOR THE BOARD:          _____
                        Jennifer Everling
                        Acting Clerk of the Board
Washington, D.C.

---

[5] After the close of the record on review, the appellant requested leave to file an additional pleading to address the recent decision of the U.S. Supreme Court in *Ohio Adjutant General's Department v. Federal Labor Relations Authority*, 598 U.S. 449, 453-54 (2023). PFR File, Tab 6. He subsequently requested further leave to file an additional pleading to address a recent nonprecedential decision in another Board appeal involving the Board's authority to order relief in an appeal filed by a National Guard employee. PFR File, Tab 8. The Board generally does not permit any pleadings on review other than a petition for review, cross petition for review, and the responses and replies to those petitions. 5 C.F.R. § 1201.114(a)(5). No other pleading is allowed unless the party seeking leave demonstrates the need for such a pleading. *See* 5 C.F.R. § 1201.114(a)(5) (requiring that a motion for leave to file an additional pleading on review "describe the nature and need for the pleading"). The Board has already addressed the Supreme Court's decision in its recent Opinion and Order in *Erdel*, 2023 MSPB 27, ¶¶ 6, 14, which was issued after the appellant filed his first request for leave. Our decision in this case is consistent with the nonprecedential decision that is the basis for the appellant's most recent motion, and we do not require any additional pleadings addressing that decision. Because there is no need for additional argument, we deny the appellant's requests for leave.