# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
### 2024 MSPB 19

Docket No. DE-3330-23-0125-I-1

**Jason Terry,**

**Appellant,**

v.

**Department of the Air Force,**

**Agency.**

December 20, 2024

Neil C. Bonney, Esquire, Virginia Beach, Virginia, for the appellant.

Lieutenant Colonel Neal Patrick Rodak, Esquire, Phoenix, Arizona, for the agency.

#### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

#### OPINION AND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his Veterans Employment Opportunities Act of 1998 (VEOA) appeal for failure to state a claim on which relief could be granted. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the appeal for further adjudication in accordance with this Opinion and Order.

BACKGROUND

The appellant began working as a GS-9 General Supply Specialist with the Arizona Air National Guard (AZ ANG) in May 2021. Initial Appeal File (IAF), Tab 4 at 9, Tab 11 at 86. He held that position as a dual-status National Guard technician pursuant to 32 U.S.C. § 709. IAF, Tab 11 at 86. In December 2022, he applied for the GS-11 Supervisory General Supply Specialist position with the AZ ANG pursuant to vacancy announcement AZ-11738400-23-NW-22-205C, which was open to the public. IAF, Tab 1 at 5, Tab 11 at 36. In his application, the appellant claimed a 10-point veterans' preference based on his Veterans Affairs (VA) rating of a 30% or more service-connected disability. IAF, Tab 4 at 8, Tab 11 at 36, 101. The agency interviewed the appellant for the position but selected another applicant. IAF, Tab 11 at 17, 72.

The appellant filed a VEOA complaint with the Department of Labor (DOL), which DOL later notified him that it had closed, although it indicated that it had found the complaint "to have merit." IAF, Tab 1 at 9. DOL determined, as it explained to the agency, that the selectee was deemed to have no veterans' preference at the time of selection, and that the agency provided no evidence that it properly followed the required "pass over" procedures through the Office of Personnel Management (OPM) when a nonpreference eligible is hired over an applicant with veterans' preference eligibility as set forth in 5 U.S.C. § 3318. IAF, Tab 11 at 36-37. DOL notified the appellant of his right to a Board appeal, which the appellant timely filed. IAF, Tab 1. He asserted that the agency violated his veterans' preference rights and requested a hearing. *Id.* at 2, 5.

The agency moved to dismiss the appeal, asserting that it had cancelled the selection and submitted a pass over request to OPM. IAF, Tab 9. Therefore, it argued, the appeal was not ripe for adjudication. *Id.* The appellant objected to the agency's motion, arguing that an agency's unilateral modification of its action after an appeal has been filed cannot divest the Board of jurisdiction. IAF, Tab 11 at 4. The administrative judge issued a show cause order assuming that

the Board had jurisdiction but stating that it appeared that the Board would nonetheless lack the authority to order relief if the appellant prevailed. IAF, Tab 12 at 1. The administrative judge explained that, pursuant to the holding of the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) in *Singleton v. Merit Systems Protection Board*, 244 F.3d 1331 (Fed. Cir. 2001), the Board only has the authority under 5 U.S.C. § 1204(a)(2) to "order any Federal agency or employee" to comply with corrective action, and the Arizona Adjutant General is not a "Federal employee" as defined in Title 5 of the United States Code. *Id.* at 1-2. Accordingly, he ordered the appellant to show cause why he should not dismiss the appeal for failure to state a claim on which relief can be granted. *Id.* at 2-3.

In response to the show cause order, the appellant appears to have argued that the vacancy announcement at issue was a Title 5 civilian position with the National Guard under the appointment authority codified at 10 U.S.C. § 10508. IAF, Tab 13 at 4-9. He argued that the National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, 130 Stat. 2000 (2017 NDAA), amended 10 U.S.C. § 10508 to subject the state adjutants general and the various National Guards to the Board's enforcement authority under 5 U.S.C. § 1204(a)(2). *Id.* at 4-7. In its response to the show cause order, the agency argued that state National Guards and state adjutants general remain outside the definition of a "Federal agency or employee," and, thus, the Board does not have statutory enforcement authority under 5 U.S.C. § 1204(a)(2) over either. IAF, Tab 14 at 5.

Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for failure to state a claim on which relief can be granted. IAF, Tab 15, Initial Decision (ID). He found that, although the Board has jurisdiction, it could not grant relief because it could not order compliance by the Adjutant General of Arizona, the Governor of Arizona, or any other person or entity. ID at 3-6. Specifically, he found that the 2017 NDAA did

not resolve the issue that the Federal Circuit confronted in *Singleton*, 244 F.3d at 1336, because it did not amend 5 U.S.C. § 1204(a)(2). ID at 5.

The appellant has filed a timely petition for review, arguing that the administrative judge failed to address 10 U.S.C. § 10508. Petition for Review (PFR) File, Tab 1 at 7.[1] The agency has not responded to the appellant's petition for review.

## ANALYSIS

### The Board has jurisdiction over the appellant's VEOA appeal.

To establish the Board's jurisdiction over a VEOA appeal based on an alleged violation of veterans' preference rights, an appellant establishes jurisdiction by (1) showing that he exhausted his remedy with DOL; and (2) making nonfrivolous allegations that: (a) he is a preference eligible within the meaning of VEOA; and (b) the agency violated his rights under a statute or regulation relating to veterans' preference. 5 U.S.C. § 3330a; *Jarrard v. Social Security Administration*, 115 M.S.P.R. 397, ¶ 7 (2010), *aff'd sub nom. Jarrard v. Department of Justice*, 669 F.3d 1320 (Fed. Cir. 2012); *see Davis v. Department of Defense*, 2022 MSPB 20, ¶ 5 n.1 (determining that an accurate exposition of VEOA's jurisdictional elements may omit reference to the requirement that an appellant nonfrivolously allege that the action at issue took place on or after the October 30, 1998 enactment date of VEOA). We agree with the administrative judge that the appellant met his burden to prove that he exhausted his administrative remedy with DOL and nonfrivolously alleged that his nonselection

---

[1] Following the submission of his petition for review, the appellant moved to present supplemental authority and corresponding argument based on the U.S. Supreme Court's decision in *Ohio Adjutant General's Department v. Federal Labor Relations Authority*, 598 U.S. 449, 453-54 (2023), issued on May 18, 2023, PFR File, Tab 3, and the Board's decision in *Erdel v. Department of the Army*, 2023 MSPB 27; PFR File, Tab 5. The Board generally does not permit additional pleadings on review unless the party demonstrates a need for such a pleading. *See* 5 C.F.R. § 1201.114(a)(4). In this matter, there is no need for additional argument. Therefore, we DENY the appellant's motions.

and another candidate's selection violated his veterans' preference rights. ID at 3. We revisit the jurisdictional issue to expressly find that the alleged VEOA violation was committed by an "agency" within the meaning of VEOA.

VEOA does not define "agency," and there is nothing in the Act's legislative history to illuminate the meaning of that word in the context of 5 U.S.C. § 3330a. *Willingham v. Department of the Navy*, 118 M.S.P.R. 21, ¶ 9 (2012). However, the Board has held that the remedial purpose of VEOA and the congressional solicitude for veterans reflected therein strongly favor reading section 3330a broadly in favor of the veteran when possible. *Id.*, ¶ 15. For the reasons discussed below, we find that the alleged appointment authority for the vacancy announcement at issue shows that the appointment was to be made pursuant to the Department of Defense (DOD) civilian personnel system, and, therefore, the appellant's nonselection comes within the purview of VEOA.

The appellant nonfrivolously alleges that the vacancy announcement was for a Title 5 civilian position with the AZ ANG open under the authority of the 2017 NDAA.[2] IAF, Tab 13 at 4; PFR File, Tab 1; *see also* IAF, Tab 1 at 12, Tab 11 at 16, 36-37. At this stage, we accept the appellant's allegations that the appointment authority for the vacancy was 10 U.S.C. § 10508 and that the position was a Title 5 civilian position. *See Ohio Adjutant General's Department v. Federal Labor Relations Authority*, 598 U.S. 449, 453-54 (2023) (concluding that dual-status technicians are Federal civilian employees). Section 10508, as amended by the 2017 NDAA, states that "[t]he Chief of the National Guard Bureau may . . . appoint, employ, [and] administer . . . persons" within the Bureau and the National Guard of each jurisdiction under certain listed sections of Title 5 and Title 32. 10 U.S.C. § 10508(b)(1). As we explained in *Lane v. Department of the Army*, 2024 MSPB 4, ¶ 8, a state National Guard acts through

---

[2] The appellant's allegation that the vacancy announcement was for a Title 5 civilian position is consistent with DOL's conclusion that Title 5 veterans' preference rights applied. IAF, Tab 11 at 36-37.

the authority delegated to it by the National Guard Bureau and its Chief, which are integrated into the DOD. *See* 10 U.S.C. §§ 10501, 10502(a)-(b), (d). The Chief can delegate his 10 U.S.C. § 10508(b)(1) appointing, employing, and administering authority to the various adjutants general. 10 U.S.C. § 10508(b)(2). Because of this arrangement, we find that the AZ ANG is an "agency" for purposes of 5 U.S.C. § 3330a. *See Willingham*, 118 M.S.P.R. 21, ¶¶ 16-18 (finding that a non-appropriated fund instrumentality integrated into the DOD civilian personnel system should be viewed as an agency for purposes of 5 U.S.C. § 3330a). Furthermore, 10 U.S.C. § 10508(b)(3)(A) specifies that, for administrative claims arising from, or relating to, "personnel actions or conditions of employment, including adverse actions under Title 5, pertaining to a person appointed, employed, or administered by an adjutant general under this subsection," the individual state National Guard shall be considered the "employing ***agency***." 10 U.S.C. § 10508(b)(3)(A) (emphasis added). Accordingly, because we find that the appellant exhausted his remedy with DOL, and he has made nonfrivolous allegations that he is a preference eligible and that an agency violated his rights under a regulation relating to veterans' preference, we find that the Board has jurisdiction over this appeal. *See* 5 U.S.C. § 3330a.

<u>The appellant has stated a claim on which relief can be granted.</u>

The Board has the authority to "order any Federal agency or employee to comply with any order or decision issued by the Board" in matters falling within its jurisdiction. 5 U.S.C. § 1204(a)(1)-(2); *see Lane*, 2024 MSPB 4, ¶ 6. The administrative judge relied on the Federal Circuit's decision in *Singleton*, 244 F.3d at 1333, 1336-37, which held that, prior to the 2017 NDAA, Board orders were unenforceable against adjutants general of the National Guard because adjutants general were not Federal employees. The administrative judge applied the holding in *Singleton* and determined that, while the 2017 NDAA amended statutory provisions at Titles 5 and 32 to provide dual-status National Guard technicians with Title 5 appeal rights under certain circumstances, it did

not warrant a different outcome because it did not amend 5 U.S.C. § 1204(a) to provide the Board with enforcement authority against adjutants general. ID at 5.

Since the issuance of the initial decision, we have held otherwise. *Lane*, 2024 MSPB 4, ¶¶ 7-11; *Erdel v. Department of the Army*, 2023 MSPB 27, ¶¶ 11-16. As the Supreme Court has determined, "[w]hile it is state adjutants general who 'employ and administer' dual-status technicians working for their respective State National Guard units, they can only do so pursuant to an express 'designat[ion]' of authority by the Secretary of the Army or the Secretary of the Air Force." *Ohio Adjutant General's Department*, 598 U.S. at 454 (citations omitted). Because National Guard technicians are ultimately employees of the Department of the Army and the Department of the Air Force, which are Federal agencies, the Board has the authority to order the employing agency of a National Guard technician to take an employment action under 5 U.S.C. § 1204(a)(2). *Erdel*, 2023 MSPB 27, ¶¶ 11-14. In *Lane*, we extended the holding in *Erdel* to find that the Board has the authority to provide relief in Title 5, chapter 75 adverse action appeals to any National Guard employees who were appointed to civilian positions under the authority of 10 U.S.C. § 10508. *Lane*, 2024 MSPB 4, ¶¶ 8-11. In doing so, we recognized that in the 2017 NDAA, Congress provided that the applicable adjutant general and National Guard "shall promptly implement all aspects of any final administrative order, judgment, or decision" in connection with an administrative proceeding challenging its adverse action against an individual hired under 10 U.S.C. § 10508(b). *Lane*, 2024 MSPB 4, ¶ 11 (citing 130 Stat. at 2363-64 (codified at 10 U.S.C. § 10508(b)(3)(A)-(B))). This language effectively authorizes the Board to enforce orders against the various National Guards. *Id.*

The reasoning applied in *Erdel* and *Lane* is equally applicable here. The right of preference-eligible Federal employees, like the appellant, to appeal an agency's violation of a veterans' preference rule to the Board exists pursuant to 5 U.S.C. § 3330a. We previously concluded herein that the AZ ANG is an

"agency" for the purposes of 5 U.S.C. § 3330a. *Supra* pp. 5-6. Further, the 2017 NDAA provided that "all personnel actions or conditions of employment, including adverse actions under Title 5, pertaining to a person appointed, employed, or administered by an adjutant general under [10 U.S.C. § 10508(b)]" may be subject to administrative complaints, grievances, claims, or actions, and that the relevant National Guard "shall promptly implement all aspects of any final administrative order, judgment, or decision." 130 Stat. at 2363-64 (codified at 10 U.S.C. § 10508(b)(3)(A)-(B)); *see Lane*, 2024 MSPB 4, ¶ 9 (finding that an employee appointed under 10 U.S.C. § 10508(b) may file "an administrative complaint, grievance, claim or action" challenging a Title 5 adverse action). A violation of veterans' preference rules in hiring involves a "personnel action or condition of employment." *See* 5 U.S.C. §§ 3309 (providing for the addition of points to a preference eligible's score for hiring purposes), 3311 (providing credit for a preference eligible's experience for hiring purposes), 3318(c) (providing that an agency must obtain permission from OPM before passing over a preference-eligible veteran for hiring).

It would be implausible for Congress to have specifically provided for an administrative remedy under VEOA but for there to be no relief available to certain Federal employees, like the appellant, from the Board, which has jurisdiction to adjudicate such claims. *See Erdel*, 2023 MSPB 27, ¶ 11 (finding that it would be beyond strange for Congress to have specifically amended two statutory provisions in different Titles of the U.S. Code to provide dual-status technicians with Board appeal rights, but for there to be no relief available from the Board); *see also Willingham*, 118 M.S.P.R. 21, ¶¶ 16-18 (finding Board jurisdiction and adjudicating a claim for corrective action under VEOA after concluding that a non-appropriated fund instrumentality operating as a component of the U.S. Marine Corps came within the purview of VEOA). We can conceive of no reason why 5 U.S.C. § 1204(a)(2) would preclude the Board from enforcing orders against state National Guards in Title 5 VEOA appeals when it does not

preclude the Board from doing so in Title 5, chapter 75 adverse action appeals. 10 U.S.C. § 10508(b)(3)(B); *see Lane*, 2024 MSPB 4, ¶¶ 8-11; *see also Willingham*, 118 M.S.P.R. 21, ¶¶ 14-15 (discussing the long-standing solicitude of Congress for veterans). Thus, we conclude that the Board has the authority under 5 U.S.C. § 1204(a)(2) to order the DOD and, by extension, the state National Guard to provide relief in this matter. Accordingly, we vacate the initial decision, which came to the opposite conclusion.

## ORDER

For the reasons discussed above, we remand this case to the Denver Field Office for further adjudication in accordance with this Opinion and Order.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board
Washington, D.C.