**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

**2023 MSPB 27**

Docket No. AT-0752-22-0590-I-1

**Kenneth W. Erdel,**

**Appellant,**

**v.**

**Department of the Army,**

**Agency.**

December 12, 2023

Bienvenido Banchs, Abita Springs, Louisiana, for the appellant.

Christopher E. Barton, Columbia, South Carolina, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## OPINION AND ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for failure to state a claim upon which relief could be granted. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND this matter to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2 The appellant was employed as a WS-10 Aircraft Systems Supervisor and held that position as a dual status National Guard technician with the South Carolina Army National Guard (SCANG) pursuant to 32 U.S.C. § 709. *Erdel v.*

*Department of the Army*, MSPB Docket No. AT-0752-22-0590-I-1, Initial Appeal File (IAF), Tab 1 at 1, Tab 4 at 12, 20; *Erdel v. Department of the Army*, MSPB Docket No. AT-0752-22-0165-I-1, Initial Appeal File (0165 IAF), Tab 11 at 20. On March 28, 2022, an official of the South Carolina Office of the Adjutant General proposed the appellant's removal based on charges of failure to observe written regulations when the safety of others was involved, lack of candor, and conduct unbecoming a National Guard employee. IAF, Tab 4 at 12-17. After the appellant responded to the proposal, *id.* at 18-19, the SCANG Chief of Staff issued a decision dated August 23, 2022, removing the appellant from his position, effective that day, *id.* at 20-25.

¶3 On August 28, 2022, the appellant filed the instant appeal.[1] IAF, Tab 1. The agency moved to dismiss the appeal for failure to state a claim upon which relief could be granted, arguing that pursuant to the decision of the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) in *Singleton v. Merit Systems Protection Board*, 244 F.3d 1331 (Fed. Cir. 2001), the Board could not grant the appellant any relief because it lacked authority over the SCANG adjutant general. IAF, Tab 7 at 6-8. The administrative judge then ordered the appellant to show cause why his appeal should not be dismissed pursuant to the decision in *Singleton*. IAF, Tab 8 at 3-5. After the parties responded, IAF, Tabs 10-11, the administrative judge issued an initial decision dismissing the appeal without holding the appellant's requested hearing, IAF, Tab 12, Initial Decision (ID) at 1, 7. The administrative judge found that the Board has jurisdiction over the appeal, citing statutory changes made as part of the National Defense

[1] The agency previously removed the appellant effective January 7, 2022, but after the appellant filed an appeal with the Board, the agency rescinded the action. 0165 IAF, Tab 1 at 15, Tab 11 at 17-18, 20, Tab 20 at 4-7. The appellant withdrew his appeal, 0165 IAF, Tab 23, and in a June 13, 2022 initial decision, the administrative judge dismissed the appeal, *Erdel v. Department of the Army*, MSPB Docket No. AT-0752-22-0165-I-1, Initial Decision (0165 ID) at 1-2 (June 13, 2022); 0165 IAF, Tab 24, 0165 ID. That decision became the final decision of the Board when neither party filed a petition for review.

Authorization Act for Fiscal Year 2017, Pub L. No. 114-328, 130 Stat. 2000 (2017 NDAA), but also finding that the appeal must be dismissed for failure to state a claim upon which relief could be granted. ID at 3-7. Specifically, he found that pursuant to the Federal Circuit's decision in *Singleton*, the Board did not have the authority to issue enforceable orders against state adjutants general and so the Board could not provide any effective relief regarding the appellant's removal. ID at 4-6. The administrative judge further reasoned that nothing in the 2017 NDAA modified or overruled *Singleton* or altered the Board's inability to direct adjutants general to provide relief. ID at 6.

¶4 The appellant argues on petition for review that the Federal Circuit's holding in *Singleton* that the Board lacks the authority to order adjutants general to provide relief to National Guard technicians was abrogated by provisions of the 2017 NDAA. Petition for Review (PFR) File, Tab 1 at 5-11, 15-18. Accordingly, he contends that the Board has jurisdiction over his appeal and can issue an enforceable decision. *Id*. The agency has responded in opposition to the petition for review, contending, among other things, that the 2017 NDAA did not alter the holding in *Singleton*.[2] PFR File, Tab 3 at 7-13, 16-20.

## ANALYSIS

The administrative judge correctly found that the Board has chapter 75 jurisdiction over the appellant's removal.

¶5 The Board has jurisdiction to adjudicate an appeal when an agency takes an "action" under 5 U.S.C. § 7512 against an individual who meets the definition of an "employee" under 5 U.S.C. § 7511(a)(1). 5 U.S.C. § 7513(d); *Moncada v. Executive Office of the President, Office of Administration*, 2022 MSPB 25, ¶ 13. As relevant here, an "employee" over whom the Board has chapter 75 jurisdiction

[2] To the extent that the parties cite Board initial decisions to support their respective views about the Board's jurisdiction and legal authority, PFR File, Tab 1 at 6, Tab 4 at 9-13, initial decisions have no precedential value. *Richardson v. Department of Veterans Affairs* 2023 MSPB 1, ¶ 17 n.8; *Special Counsel v. Greiner*, 117 M.S.P.R. 117, ¶ 11 n.5 (2011).

includes an individual in the excepted service who is "(i) not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or (ii) who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less." 5 U.S.C. § 7511(a)(1)(C). As discussed below, the analysis of whether an individual meets the statutory definition of an "employee" is more complicated when the individual is a National Guard technician.

¶6 Dual status National Guard technicians "occupy a unique space between [F]ederal/state organizations and civilian/military status," and work in a "variety of roles with National Guards but are designated employees of the U.S. Army or Air Force." *Dyer v. Department of the Air Force*, 971 F.3d 1377, 1380 (Fed. Cir. 2020); *see* 32 U.S.C. § 709(e); *Ohio Adjutant General's Department v. Federal Labor Relations Authority*, 598 U.S. 449, 453-54 (2023). They must be a military member of the National Guard and wear a uniform while working, but, except when participating as National Guard members in part-time drills, training, or active-duty deployments, they work in a Federal civilian capacity and receive a civil service salary. *Ohio Adjutant General's Department*, 598 U.S. at 453-54; *Dyer*, 971 F.3d at 1383. The governor of each state is in charge of the state's National Guard units except when the unit is called into active Federal service. *Maryland for the use of Levin v. United States*, 381 U.S. 41, 47, *vacated on other grounds*, 382 U.S. 159 (1965). In most instances, a state's National Guard is administered by the state adjutant general. *Id.*; *see* 32 U.S.C. § 314.

¶7 Prior to 2016, 5 U.S.C. § 7511(b)(5) (2016) excluded from the definition of an "employee" with Board appeal rights individuals employed as National Guard technicians. Instead, 32 U.S.C. § 709(f)(3) and (4) (2016) provided that any right of appeal by a National Guard technician who suffered an employment action, including "a reduction in force, removal, or an adverse action involving discharge from technician employment, suspension, furlough without pay, or reduction in

rank or compensation," did not "extend beyond the adjutant general of the jurisdiction concerned."

¶8 The 2017 NDAA amended 32 U.S.C. § 709(f) to add a new paragraph (5), providing that National Guard technicians may appeal "any activity not covered by paragraph (4)," and that the provisions of sections 7511, 7512, and 7513 of Title 5 shall apply. 2017 NDAA § 512(a), 130 Stat. 2112. Sections 7511, 7512, and 7513 of Title 5 all address appeals to the Board. Paragraph (4) of subsection 709(f), in turn, was amended by adding language narrowing the right of appeal to the adjutant general to "when the appeal concerns activity occurring while the member is in a military pay status, or concerns fitness for duty in the reserve components." 2017 NDAA § 512(a), 130 Stat. 2112. The 2017 NDAA also amended 5 U.S.C. § 7511 to conform with the amended 32 U.S.C. § 709(f) by striking section 7511(b)(5), which previously excluded National Guard technicians from the definition of an "employee" with Board appeal rights.[3] 2017 NDAA § 512(c), 130 Stat. 2112. In other words, by amending provisions in Title 5 and Title 32, the 2017 NDAA afforded Board appeal rights to National Guard technicians when the appeal concerned activity that did not occur while the technician was in a military pay status and did not concern fitness for duty in the reserve components.[4]

[3] There is other language in the 2017 NDAA that, at first blush, appears to be incongruent with the provisions discussed here. Section 932(b)(3) of the 2017 NDAA provides that "all personnel actions or conditions of employment, including adverse actions under title 5, pertaining to a person appointed, employed, or administered by an adjutant general under this subsection shall be accomplished by the adjutant general of the jurisdiction concerned." 2017 NDAA, 130 Stat. 2363. The provision then states that the "National Guard of the jurisdiction concerned shall be considered the employing agency of the individual and the sole defendant or respondent in any administrative action." *Id*. This language does not apply, however, to National Guard technicians, such as the appellant, appointed and employed under the authority of 32 U.S.C. § 709. Specifically, the statutory language is applicable to individuals appointed and employed under 5 U.S.C. §§ 2103, 2105, and 3101, and 32 U.S.C. § 328. 2017 NDAA § 932(b)(1), 130 Stat. 2363.

[4] The legislative history of the 2017 NDAA provides scant insight regarding the statutory amendments, other than stating that the purpose of section 512 was "to clarify

¶9 Turning back to the instant appeal, the appellant was removed from his position with the SCANG, and a removal is one of the types of "actions" appealable to the Board. IAF, Tab 4 at 20-25; *see* 5 U.S.C. § 7512(1). Regarding whether the appellant met the definition of an "employee," it is undisputed that he occupied an excepted-service position and that he was not serving in a probationary or trial period under an initial appointment pending conversion to the competitive service at the time of his removal. *See* 0165 IAF, Tab 11 at 20-21. It is also undisputed that at the time of his removal the appellant had been employed in his National Guard technician position since March 18, 2007. *Id.* at 38. Further, the appeal is not precluded from the Board's chapter 75 jurisdiction based on 32 U.S.C. § 709(f)(4); the removal was based entirely on misconduct that occurred while the appellant was serving in his technician position and was not based on his fitness for duty to serve in the reserves, or as the result of actions occurring while he was in a military pay status. IAF, Tab 4 at 12-14, 20-21.[5] Thus, we agree with the administrative judge that the Board has jurisdiction over this appeal.[6]

the employment rights and protections of military technicians" and that, under certain conditions, National Guard technicians "may appeal adverse employment actions" to the Board and the Equal Employment Opportunity Commission. H.R. Rep. No. 114-840, at 1016-17 (2016).

[5] All of the events related to the appellant's removal occurred after the December 23, 2016 enactment of the 2017 NDAA, so there is no question that the statute is applicable. IAF, Tab 4 at 12-14, 20-21; *cf. White v. Department of the Army*, 2023 MSPB 17, ¶¶ 5-10 (concluding that the amendments to 32 U.S.C. § 709 included in the 2017 NDAA did not apply retroactively to conduct that predated the 2017 NDAA's enactment date).

[6] In *Dyer*, 971 F.3d at 1378-79, the Federal Circuit considered whether a National Guard technician, who was removed from his civilian technician position because he was no longer a military member of the National Guard, could appeal his removal to the Board. The court found that National Guard membership is a fundamental requirement for a National Guard technician and that loss of that membership concerns fitness for duty in the reserves. *Id*. at 1382-84. Thus, the court concluded that the Board lacked jurisdiction over an appeal of such an action. *Id*. at 1384. The facts in this appeal are different than those in *Dyer*, and it is not controlling here.

<u>The administrative judge erred in dismissing the appeal for failure to state a claim upon which relief can be granted.</u>

¶10 As discussed above, while the administrative judge correctly found that the Board has jurisdiction over the appellant's removal, he nevertheless concluded that the appeal must still be dismissed for failure to state a claim upon which relief can be granted. ID at 3-7. In support of that conclusion, the administrative judge relied on the Federal Circuit's 2001 decision in *Singleton*, which the agency also relies on heavily in its arguments on review. ID at 4-5; PFR File, Tab 3 at 7-13, 16-20; *see Singleton*, 244 F.3d 1331. The court in *Singleton* considered whether the Board could provide relief to a National Guard technician seeking corrective action for allegations of reprisal for whistleblowing. *Singleton*, 244 F.3d 1331. It reasoned that the language of 32 U.S.C. § 709(f), as it existed prior to the 2017 NDAA, imposed "severe and significant restrictions" on a National Guard technician's rights under the whistleblower protection statutes to seek corrective action from the Board. *Singleton*, 244 F.3d at 1334-36. The court further found that the Board lacked the authority to order an adjutant general, a state Government employee, to comply with a Board order in an employment dispute. *Id*. at 1336-37.

¶11 To be clear, however, *Singleton* was decided over 15 years prior to passage of the 2017 NDAA and the revocation of the total exclusion of Board appeal rights for National Guard technicians. By statute, National Guard technicians may now appeal a number of personnel actions to the Board. 32 U.S.C. § 709(f)(4), (5). It would be beyond strange for Congress to have specifically amended two statutory provisions in different Titles of the U.S. Code to provide for Board appeal rights, but for there to be no relief available from the Board. *See, e.g.*, *Franklin v. Gwinnet County Public Schools*, 503 U.S. 60, 66 (1992) (explaining that the concept that a remedy must be available for a violation of a right dates to the earliest days of the Republic); *Barrett v. Holmes*, 102 U.S. 657, *2 (1880) (finding that a "right without a remedy is unknown to the law"); *In re*

*Mrs. Alexander's Cotton*, 69 U.S. 404, 413 (1864) (determining that "there should be no right without a remedy"); *Peck v. Jenness*, 48 U.S. 612, *12 (1849) (finding that "a legal right without a remedy would be an anomaly in the law").

¶12 Title 5, U.S. Code, section 1204 sets forth the powers and functions of the Board. Subsection (a)(1) authorizes the Board to "hear, adjudicate, or provide for the hearing or adjudication, of all matters within [its] jurisdiction." 5 U.S.C. § 1204(a)(1). The very next provision grants the Board the authority to "order any Federal agency or employee to comply with any order or decision issued by the Board under the authority granted under paragraph (1) of this subsection and enforce compliance with any such order." 5 U.S.C. § 1204(a)(2).

¶13 As the Federal Circuit reasoned in *Singleton*, state adjutants general are not Federal employees because, with the exception of the adjutant general of the District of Columbia, they "are appointed locally and perform such duties as are prescribed by the laws of the pertinent local jurisdiction." *Singleton*, 244 F.3d at 1333-34. For example, the South Carolina adjutant general is appointed by the governor, with the advice and consent of the state senate. S.C. Const. art. VI, § 7. This appointment authority is important because, unless specifically addressed elsewhere, to be considered a Federal employee, among other things, an individual must be appointed to the position in question by one of the individuals set forth in 5 U.S.C. § 2105(a)(1)(A)-(F). These individuals are the President; a Member or Members of Congress, or the Congress; a member of a uniformed service; an individual who is an employee under this section; the head of a Government controlled corporation; or an adjutant general designated by the Secretary of the Army or Air Force under section 709(c) of Title 32. Although adjutants general may appoint Federal employees, because they themselves are not appointed by one of the individuals enumerated in the statute, adjutants general are not Federal employees. *See* 5 U.S.C. § 2105(a)(1)(A)-(F). Thus, the Board lacks the authority under 5 U.S.C. § 1204(a)(2) to order them to take employment actions regarding National Guard technicians.

¶14 As discussed previously, National Guard technicians are Federal employees of the Department of the Army or the Department of the Air Force, as the case may be. 32 U.S.C. § 709(e); *Ohio Adjutant General's Department*, 598 U.S. at 454; *Dyer*, 971 F.3d at 1380. The Supreme Court has recognized that, "[w]hile it is state adjutants general who 'employ and administer' dual-status technicians working for their respective State National Guard units, they can only do so pursuant to an express 'designat[ion]' of authority by the Secretary of the Army or the Secretary of the Air Force." *Ohio Adjutant General's Department*, 598 U.S. at 454 (citations omitted); *see* 32 U.S.C. § 709(e). The Court further explained that it is that designation that constitutes the "sole basis" for state adjutants general to employ Federal employee National Guard technicians and in that role they act pursuant to delegated Federal authority and subject to the Federal civil service requirements.[7] *Id*. at 458. Because National Guard technicians are ultimately employees of the Department of the Army and the Department of the Air Force, the Board has the authority to order the employing agency of a National Guard technician to take an employment action.[8] 5 U.S.C. § 1204(a)(2). Accordingly, contrary to the administrative judge's finding, we find that the Board has the authority to provide relief to the appellant.[9]

---

[7] We recognize that the Supreme Court in *Ohio Adjutant General's Department* was interpreting a different provision of Title 5 than the one at issue in this appeal, but the Court's findings on the employment status of National Guard technicians and the relationship between adjutants general and technicians' Federal employers are equally applicable here. In fact, Justice Alito noted in his dissenting opinion that the Court's decision "may have odd spillover effects" and cited, as one example, the Federal Circuit's decision in *Singleton*. *See Ohio Adjutant General's Department*, 598 U.S. at 462 (Alito, J., dissenting).

[8] The agency argues that the power reserved to the states over militias in the Constitution precludes the Federal Government from exercising authority over the National Guard, except when the National Guard has been called to service of the United States. PFR File, Tab 3 at 21-28; *see* U.S. Const. art. I, § 8, cl. 16. This argument is not persuasive in the context of this appeal because National Guard technicians are Federal employees and it is in that capacity that the Board is exercising its statutory authority regarding their employment. 5 U.S.C. § 1204(a).

¶15 Finally, the regulations the Office of Personnel Management (OPM) promulgated to reflect the changes to 32 U.S.C. § 709 set forth in the 2017 NDAA also support our conclusion that the Board has the authority to order relief in favor of covered National Guard technicians. 5 C.F.R. § 752.401; *see* 87 Fed. Reg. 67765, 67779, 67783 (Nov. 10, 2022). Among other things, OPM revised 5 C.F.R. § 752.401(b), which identifies actions excluded from coverage under chapter 75, to add subsection (17), excluding "[a]n action taken against a technician in the National Guard concerning any activity under 32 U.S.C. § 709(f)(4), except as provided by 32 U.S.C. § 709(f)(5)." In so doing, OPM explained that the revision was necessary because the 2017 NDAA "added MSPB appeal rights for National Guard technicians for certain adverse actions taken against them." 87 Fed. Reg. at 67779. OPM also noted section 512(c) of the 2017 NDAA repealed 5 U.S.C. § 7511(b)(5), which excluded National Guard technicians from the definition of an "employee." 87 Fed. Reg. at 67769. These actions by OPM incorporating the revisions made by the 2017 NDAA into its regulations defining the scope and character of the Board's review authority over adverse actions are consistent with our conclusion that the 2017 NDAA expanded the Board's adjudicatory authority over certain actions taken against National Guard technicians, and, by extension, the Board's authority to order relief in favor of those technicians.[10]

---

[9] The Board has found that an action taken by an adjutant general pursuant to 32 U.S.C. § 709 was done based on the authority delegated by the relevant Department of Defense component agency. *See Stuart v. Department of the Air Force*, 104 M.S.P.R. 297, ¶ 1 n.1 (2006) (recognizing that, although the state Air National Guard issued the challenged retirement decision, it did so in its role as the "administrator of the [N]ational [G]uard technicians," and issued the decision "on behalf of, and under the authority of, the Secretary of the Department of the Air Force").

[10] OPM also revised its regulations regarding performance-based actions taken under chapter 43 of Title 5. 87 Fed. Reg. at 67769. Specifically, OPM recognized that, although the 2017 NDAA did not specifically address the potential extension of Board appeal rights over performance-based actions taken against National Guard technicians, it nevertheless was required to "update[] coverage [of 5 C.F.R. § 432.102] to align with the [2017 NDAA]." 87 Fed. Reg. at 67769. Consequently, OPM revised

¶16 Based on the foregoing analysis, we find that, for purposes of chapter 75 Board appeal rights, a dual status National Guard technician's employing agency is the Department of the Army or the Department of the Air Force, as the case may be, and that the Board may issue enforceable orders against those agencies. The fact that the adjutants general of the relevant jurisdictions take employment actions against such technicians based on the authority delegated to them by the Secretaries of the Army and the Air Force does not undermine this conclusion. Consequently, we find that the holding in *Singleton* finding that the Board lacked the authority to issue enforceable orders to remedy improper employment actions against National Guard technicians is incompatible with the statutory provisions as amended by the 2017 NDAA. Thus, we conclude that *Singleton* and cases that rely on it for the above-discussed proposition have been abrogated by the amended statute.

¶17 Accordingly, we vacate the initial decision dismissing the appeal on the grounds that the Board cannot order any relief in this appeal, and we remand the appeal for further adjudication. Because the administrative judge determined that the appeal must be dismissed for failure to state a claim upon which relief can be granted, he stayed the discovery deadlines and did not hold the appellant's requested hearing or otherwise consider the merits of the appeal. IAF, Tab 9; ID at 1, 6-7. On remand, among other things, the administrative judge shall allow the parties to conduct discovery, shall develop the record, including by holding the hearing requested by the appellant, and shall issue an initial decision addressing all relevant issues. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (stating that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of

---

subsections (b) and (f) of 5 C.F.R. § 432.102 to extend Board appeal rights to National Guard technicians in order to "reflect that certain performance-based actions against dual status National Guard technicians are no longer excluded." 87 Fed. Reg. at 67769; *see* 5 C.F.R. § 432.102(b)(16) (excluding from the definition of performance-based actions "[a]n action taken against a technician in the National Guard concerning any activity under 32 U.S.C. § 709(f)(4), except as provided by 32 U.S.C. § 709(f)(5)").

credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests).

## ORDER

¶18 For the reasons discussed above, we remand this case to the administrative judge for further adjudication in accordance with this Order.

Jennifer Everling

Jennifer Everling
Acting Clerk of the Board
Washington, D.C.