# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LARRY S. GREENE, JR.,
      Appellant,

      v.

DEPARTMENT OF THE ARMY,
      Agency.

DOCKET NUMBER
SF-0752-22-0365-I-1

DATE:  December 15, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Larry S. Greene, Jr.</u>, Elk Grove, California, pro se.

<u>Charmaine Betty-Singleton</u>, Sacramento, California, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for failure to state a claim upon which relief can be granted.  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2 Effective January 6, 2019, the California Army National Guard (CANG) appointed the appellant to the position of GS-9 Information Technology (IT) Specialist (Information Security). Initial Appeal File (IAF), Tab 1 at 7. On March 30, 2022, it proposed his removal for failure to meet a condition of his employment. IAF, Tab 10 at 212-14. The CANG issued a decision to remove him on April 26, 2022, which was effective 3 days later. IAF, Tab 12 at 4-5, 51.

¶3 The appellant filed the instant appeal of his removal. IAF, Tab 1 at 3, 5. He raised claims of whistleblower reprisal and race discrimination. IAF, Tab 1 at 5, 11-14, Tab 5 at 8-10. The administrative judge ordered the agency to address the authority under which the appellant was hired, if he was a tenured Federal employee with the right to appeal his removal to the Board under chapter 75 of Title 5, and if the CANG or some other entity was his employer. IAF, Tab 15 at 1-2. The agency responded to the order, acknowledging that the appellant was a tenured Federal employee with adverse action appeal rights but asserting that he had failed to state a claim upon which relief could be granted. IAF, Tab 16. As to its contention that the appellant failed to state a claim upon which relief could be granted, the agency argued that the appellant's employer was the California Adjutant General, and that the Board lacks the authority to order an adjutant general to provide relief. *Id.* The appellant replied, in relevant part, by agreeing he was a tenured Federal employee and indicating that his supervisor, not the Adjutant General, was his employer. IAF, Tab 17 at 4-6.

¶4 The administrative judge issued an initial decision dismissing the appeal without holding the appellant's requested hearing. IAF, Tab 1 at 2, Tab 18, Initial Decision (ID) at 1, 8. He found that the Board has chapter 75 jurisdiction over the appellant's removal. ID at 4-5. However, relying on the U.S. Court of Appeals for the Federal Circuit's decision in *Singleton v. Merit Systems Protection Board*, 244 F.3d 1331 (Fed. Cir. 2001), he concluded that the Board lacked the authority to grant the appellant any relief. ID at 5-7. He reasoned that

the appellant was an employee of the CANG and its Adjutant General, and "the Board does not have power to order adjutant generals to comply with Board orders." ID at 6.

¶5    The appellant has filed a petition for review, to which the agency has not responded. Petition for Review (PFR) File, Tab 1. On May 12, 2023, the Office of the Clerk of the Board issued an order to the parties to address whether the appellant was a dual status National Guard technician at the time of his removal and, if not, to identify the agency's appointing authority and the appellant's employer. PFR File, Tab 3. Both parties have responded.[2] PFR File, Tabs 4-5.

### DISCUSSION OF ARGUMENTS ON REVIEW

<u>We agree with the administrative judge that the Board has chapter 75 jurisdiction over the appellant's removal but correct his reasoning.</u>

¶6    The parties do not dispute the administrative judge's determination that the Board has chapter 75 jurisdiction over this appeal. ID at 4-5. Nonetheless, we revisit the issue of jurisdiction here to correct the basis for concluding that the appellant was employed by an Executive agency. *See Ney v. Department of Commerce*, 115 M.S.P.R. 204, ¶ 7 (2010) (stating that the issue of the Board's jurisdiction is always before the Board, and it may be raised by either party or sua sponte by the Board at any time).

> *The administrative judge properly concluded that the appellant, a preference eligible in the excepted service, had more than 1 year of service when he was subjected to an action appealable under chapter 75.*

¶7    The Board has chapter 75 jurisdiction when an agency takes an "action" under 5 U.S.C. § 7512 against an individual who meets the definition of an "employee" under 5 U.S.C. § 7511(a)(1). 5 U.S.C. § 7513(d); *Moncada v.*

---

[2] The agency filed its response to the Acting Clerk's Order 1 day late. PFR File, Tab 3 at 1, 3, Tab 5. However, because the record on jurisdiction had not yet closed and because the agency may have intended its submission to be a timely reply to the appellant's response to the Acting Clerk's Order, we have considered the agency's pleading. PFR File, Tab 3 at 3.

*Executive Office of the President, Office of Administration*, 2022 MSPB 25, ¶¶ 13, 24. The administrative judge found that the appellant was subjected to an action under 5 U.S.C. § 7512. ID at 4. We agree. A removal is an action over which the Board has chapter 75 jurisdiction. 5 U.S.C. § 7512(1); *Moncada*, 2022 MSPB 25, ¶ 14.

¶8    The administrative judge also found that the appellant satisfied the definition of "employee" under 5 U.S.C. § 7511(a)(1). ID at 4-5. Again, we agree. As relevant here, an "employee" for purposes of chapter 75 includes "a preference eligible in the excepted service who has completed 1 year of current continuous service in the same or similar positions . . . in an Executive agency." 5 U.S.C. § 7511(a)(1)(B)(i). The appellant is preference eligible and at the time of his removal had completed more than 1 year of service in the same position. IAF, Tab 1 at 7, Tab 12 at 25, 51. The administrative judge thus found that the appellant satisfied the length of service requirement set forth in the definition of "employee." ID at 4-5. We discern no basis to disturb this finding.

> *We correct the administrative judge's reasoning as to why the appellant worked for an "Executive agency."*

¶9    The administrative judge found that the appellant was employed by an Executive agency. ID at 4-5. The definitions of "employee" for individuals in competitive-service positions and nonpreference-eligible individuals in excepted-service positions do not require employment by an agency. *Moncada*, 2022 MSPB 25, ¶¶ 15, 24. However, as indicated above, the definition of "employee" for a preference-eligible excepted-service individual like the appellant is one who serves, as relevant here, "in an Executive agency." 5 U.S.C. § 7511(a)(1)(B)(i). In *Moncada*, 2022 MSPB 25, ¶ 15 n.4, the Board recognized this distinction. However, it declined to reach the issue of whether the Board's chapter 75 jurisdiction over actions taken against preference-eligible individuals in the excepted service requires that an "Executive agency" take the action. *Id.*

For purposes of our analysis here we assume, without deciding, that there is such a requirement.

¶10     The Department of Defense (DOD) and the Department of the Army are Executive agencies for purposes of Title 5.  5 U.S.C. §§ 101 (listing the DOD as an "Executive department"), 105 (defining "Executive agency" to include an "Executive department"); 10 U.S.C. § 111(a)-(b) (providing that DOD is an "executive department" that is "composed of," among other entities, "the Department of the Army"); *see Poole v. Department of the Army*, 117 M.S.P.R. 516, ¶ 3 n.1 (2012) (explaining that the Board has viewed military departments as components of the Department of Defense, and therefore as executive agencies within the meaning of 5 U.S.C. § 105); *Francis v. Department of the Navy*, 53 M.S.P.R. 545, 547-52 (1992) (explaining that the Department of the Army and Department of the Navy are separate from each other and from DOD for purposes of tacking service to fulfill a 1-year service requirement).  The administrative judge reasoned that the CANG was also an "Executive agency" within the meaning of Title 5 because under 10 U.S.C. § 10106, "[t]he Army National Guard while in the service of the United States is a component of the Army."  ID at 5 (quoting 10 U.S.C. § 10106).

¶11     This reasoning oversimplifies the nature of the National Guard.  The National Guard is a hybrid state and Federal entity, serving the needs of each at different times.  *Singleton*, 244 F.3d at 1333.  The governor of each state is in charge of the state's National Guard units except when the unit is called into active Federal service.  *Erdel v. Department of the Army*, 2023 MSPB 27, ¶ 6 (citation omitted).  In most instances, a state's National Guard is administered by the state adjutant general.  *Id.* (citation omitted).  While serving the United States, the Army National Guard is part of the Army, but "[w]hen not on active duty, members of the Army National Guard . . . shall be administered, armed, equipped, and trained in their status as members of the Army National Guard."  *Compare* 10 U.S.C. § 10106 (quoted above), *with* 10 U.S.C. § 10107 (quoted here); *see*

10 U.S.C. § 12405 (indicating that members of a National Guard are subject to Army or Navy "laws and regulations," as applicable, when "called into Federal service"). We therefore do not agree with the administrative judge that the Army National Guard functions, at all times, within the Department of the Army.

¶12    In order to clarify the nature of the appellant's employment, the Clerk's Office instructed the parties to address whether the appellant was a dual status National Guard technician and, if not, to identify the authority under which he was appointed and the nature of his employment. PFR File, Tab 3 at 2. In addition, the Clerk's Office ordered the parties to indicate whether the appellant was employed by the Army, the CANG, or both. *Id.* at 2-3. In response, the agency argues, as it did below, that the appellant was a CANG employee who could be separated by the California Adjutant General. PFR File, Tab 5 at 5; IAF, Tab 16. The appellant asserts that he was "a [F]ederal employee that worked with the [CANG]," but he disputes that the Adjutant General had the authority to separate him. PFR File, Tab 4 at 4-5. While the parties agree that the appellant was not a dual status National Guard technician, they do not identify the authority under which he was hired. PFR File, Tab 4 at 4, Tab 5 at 4-5. Therefore, we have looked to the record to determine the relevant appointing authority.

¶13    The Standard Form 50 (SF-50) memorializing the appellant's appointment reflects that he is employed by the CANG and the California Adjutant General. IAF, Tab 12 at 25. It also states that his appointment was authorized under the National Defense Authorization Act for Fiscal Year 2017 (2017 NDAA), Pub. L. No. 114-328, §§ 932, 1084, 130 Stat. 2000, 2363-64, 2421-22 (2016) (codified in relevant part at 10 U.S.C. §§ 10217, 10508). One of these statutory provisions, 10 U.S.C. § 10217, contains a prohibition on hiring non-dual status technicians after September 30, 2017. 10 U.S.C. § 10217(e)(1), (4). Therefore, the CANG could not lawfully have hired the appellant as a non-dual status technician.

¶14    The other statutory provision, 10 U.S.C. § 10508, concerns "[t]he manpower requirements of the National Guard Bureau as a joint activity of the [DOD]."

10 U.S.C. § 10508(a). It states that "[t]he Chief of the National Guard Bureau may . . . appoint, employ, [and] administer . . . persons" within the Bureau and the National Guard of each jurisdiction under certain listed sections of Title 5 or Title 32. 10 U.S.C. § 10508(b)(1). The National Guard Bureau is a component within the DOD, and is a "joint activity of the [DOD]." 10 U.S.C. § 10501. The National Guard Bureau Chief is not an employee of a state National Guard or an adjutant general. Rather, he is a military officer appointed by and serving at the will of the President, and "a member of the Joint Chiefs of Staff." 10 U.S.C. § 10502(a)-(b), (d). The Chief can delegate his 10 U.S.C. § 10508(b)(1) appointing, employing, and managing authority to the various adjutants general. 10 U.S.C. § 10508(b)(2); S. Rep. No. 114-255, at 256 (2016). Congress intended 10 U.S.C. § 10508 to "enhance the personnel management authority" of the National Guard Bureau Chief. S. Rep. 114-255, at 255-56. It anticipated that individuals hired under 10 U.S.C. § 10508 would be Federal civilian employees. S. Rep. No. 114-255 at 256.

¶15        In exercising this delegated authority, the adjutant general for each jurisdiction is tasked with taking any "adverse actions under title 5" against such employees. 10 U.S.C. § 10508(b)(3). The individual state National Guard is the "employing agency" in any administrative claim challenging the agency's action. 10 U.S.C. § 10508(b)(3)(A). While the responding state National Guard must defend its action and comply with any final order, "settlement, judgment, or costs . . . shall be paid from appropriated funds allocated to the National Guard of the jurisdiction concerned." 10 U.S.C. § 10508(b)(3)(B), (E); *see* S. Rep. No. 114-255, at 256 ("The payment of any costs associated with such [administrative] decisions would be paid out of federal funds appropriated to the jurisdiction concerned."). Thus, section 10508(b)(3) provides that an adverse action, such as the removal at issue here, is appealable to the Board and any resulting judgment is paid from Federal funds, notwithstanding the fact that the action was taken by a state adjutant general of a National Guard. We find that,

under this arrangement, a state National Guard acts through the authority delegated to it by the National Guard Bureau and its Chief, which are integrated into the DOD. As such, in removing an employee appointed under 10 U.S.C. § 10508(b)(1), an adjutant general acts under the authority of the DOD, and thus as an "Executive agency" for purposes of 5 U.S.C. § 7511(a)(1)(B)(i).

¶16     In reaching this conclusion, we began with the appellant's SF-50. However, an SF-50 is not a legally operative document controlling on its face an employee's status and rights. *Scott v. Department of the Air Force*, 113 M.S.P.R. 434, ¶ 8 (2010). Although the issuance of an executed SF-50 is the customary documentation for a Federal personnel action, it does not constitute the personnel action itself. *Id.* Rather, the Board looks at the totality of the circumstances in determining the nature of the appointment. *Id.*

¶17     As noted above, the appellant's appointing SF-50 refers to 10 U.S.C. § 10508 as authorizing his hiring. IAF, Tab 12 at 25. Further, in both its proposed removal and removal decision, the agency advised the appellant of his right to appeal to the Board. IAF, Tab 10 at 213, Tab 12 at 4-5. The SF-50 is consistent with the position of the parties that the Board has jurisdiction over the appellant's removal. PFR File, Tab 4 at 4-5, Tab 5 at 4. Under the totality of the circumstances, we conclude that the appellant was appointed under 10 U.S.C. § 10508(b), and thus effectively was a DOD employee for purposes of an adverse action under Title 5. Because the DOD is an "Executive agency," the appellant meets the definition of "employee" under 5 U.S.C. § 7511(a)(1)(B)(i), and we have jurisdiction over this appeal.

The appellant stated a claim upon which relief can be granted.

¶18     The Board has the authority to "order any Federal agency or employee to comply with any order or decision issued by the Board" in matters falling within its jurisdiction. 5 U.S.C. § 1204(a)(1)-(2). In *Singleton*, 244 F.3d at 1333, 1336-37, the court determined that the Board could not order an adjutant general to provide relief to a National Guard technician employee. It reasoned that an

adjutant general is not a Federal employee, and a state National Guard, even if an agency, "can only act through its adjutant general." *Id.* The administrative judge relied on *Singleton* in dismissing the instant appeal. ID at 5-7.

¶19 However, the holding in *Singleton* that the Board lacks the authority to issue enforceable orders to remedy improper employment actions taken against National Guard technicians has been abrogated by 32 U.S.C. § 709. *Erdel*, 2023 MSPB 27, ¶¶ 11-16. In any event, both parties agree that the appellant was not a dual status National Guard technician. PFR File, Tab 4 at 5, Tab 5 at 4-5; *see Erdel*, 2023 MSPB 27, ¶ 8 n.3 (explaining that National Guard technicians are appointed under 32 U.S.C. § 709, and not under section 932 of the 2017 NDAA, which is codified at 10 U.S.C. § 10508). Further, as explained above, 10 U.S.C. § 10217(e) prevented his appointment as a non-dual status National Guard technician. Therefore, even if *Singleton* had not been abrogated, it would not be controlling here.

¶20 We have found that the totality of the evidence supports the conclusion that the appellant was appointed under 10 U.S.C. § 10508(b). Under that provision, an employee may file an "administrative complaint, grievance, claim or action" challenging a Title 5 adverse action. 10 U.S.C. § 10508(b)(3). It would be implausible for Congress to have specifically provided for an administrative remedy for adverse actions under Title 5, but for there to be no relief available from the Board, which has jurisdiction to adjudicate such claims as to a tenured Federal employee like the appellant. *See Erdel.* 2023 MSPB 27, ¶ 11 (observing that it would be "beyond strange" for Congress to have specifically amended two statutory provisions in different titles of the U.S. Code to provide for Board appeal rights to National Guard technicians, but for there to be no relief available from the Board). In the 2017 NDAA, Congress provided that the applicable adjutant general and National Guard "shall promptly implement all aspects of any final administrative order, judgment, or decision" in connection with an administrative proceeding challenging its adverse action against an individual

hired under 10 U.S.C. § 10508(b). 2017 NDAA, § 932, 130 Stat. at 2363-64 (codified at 10 U.S.C. § 10508(b)(3)(B)). This language effectively authorizes the Board to enforce orders against the various National Guards.

¶21  Further, as noted above, the costs of compliance are paid from Federal funds, eliminating any concern that state funds will be burdened. 10 U.S.C. § 10508(b)(3)(E). In fact, if an adverse action is challenged in "any court . . ., the United States shall be the sole defendant or respondent," and the U.S. Attorney General "shall defend" it. 10 U.S.C. § 10508(b)(3)(C)-(D). Accordingly, the Board may order relief in this appeal. We vacate the initial decision, which came to the opposite conclusion.[3]

## ORDER

¶22  For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                          *Jennifer Everling*
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.

---

[3] To the extent that the appellant has made arguments regarding the merits of the appeal and the parties have submitted documents on review, they are not relevant to the jurisdictional issue and we have not considered them. *E.g.*, PFR File, Tab 1, Tab 4 at 4-5, 8-60, Tab 5 at 7-33. The parties may raise these arguments and submit these documents on remand, consistent with the orders of the administrative judge.