**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

**2024 MSPB 4**

Docket No. DE-0752-23-0001-I-1

**Abenayaa Lane,**

**Appellant,**

**v.**

**Department of the Army,**

**Agency.**

March 19, 2024

Neil C. Bonney, Esquire, Virginia Beach, Virginia, for the appellant.

Beverly G. Schneider, Fort Harrison, Montana, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**OPINION AND ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which dismissed her appeal for failure to state a claim upon which relief could be granted.  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Denver Field Office for further adjudication in accordance with this Opinion and Order.

BACKGROUND

¶2    The appellant was employed by the Montana National Guard in Helena, Montana in the excepted-service position of Military and Family Readiness Specialist.  Initial Appeal File (IAF), Tab 16 at 9-10.  On September 23, 2021, the

agency issued a decision removing her from her position.  IAF, Tab 5 at 106-10.  That same day, the parties entered into a last chance settlement agreement (LCSA), which held the removal action in abeyance.  *Id.* at 55-57.  Nearly 1 year later, on September 16, 2022, the agency reinstated the removal, alleging that the appellant engaged in misconduct, thereby violating the terms of the LCSA.  *Id.* at 22-23.  The removal was effective September 24, 2022.  *Id.* at 20.

¶3        The appellant timely appealed her removal to the Board.  IAF, Tab 1.  Following the submission of briefs regarding the Board's jurisdiction as it relates to the parties' LCSA, IAF, Tab 2 at 2-3, Tabs 4, 6-7, the administrative judge found that the appellant made nonfrivolous allegations of Board jurisdiction and was, thus, entitled to a hearing on the issue of jurisdiction, IAF, Tab 9.  Before that hearing was held, however, the agency filed a motion to dismiss the appeal for failure to state a claim upon which relief could be granted.  IAF, Tab 13.  In its motion, the agency argued that the Board only has authority under 5 U.S.C. § 1204(a)(2) to "order any Federal agency or employee" to comply with corrective action and that the Montana Adjutant General, the senior official in the Montana National Guard, is not a Federal employee, nor is the Montana National Guard a Federal agency.  *Id.* at 4-7.  Thus, the agency argued that the Board lacks the authority to order corrective action that is enforceable against the Montana National Guard.  *Id.*  In response, the appellant asserted that she is a Title 5 employee of the Department of the Army and that part of the National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, 130 Stat. 2000 (2017 NDAA), amended applicable law to provide for the enforcement of a Board decision involving a state National Guard.  IAF, Tab 14.

¶4        Before holding the hearing on the issue of jurisdiction as it relates to the parties' LCSA, the administrative judge issued an initial decision finding that the Board lacked the authority to order effective relief, pursuant to *Singleton v. Merit Systems Protection Board*, 244 F.3d 1331 (Fed. Cir. 2001).  IAF, Tab 22, Initial Decision (ID) at 3-7.  He acknowledged that the 2017 NDAA amended relevant

law to require the National Guard of the relevant jurisdiction to "defend any administrative complaint, grievance, claim, or action," to "promptly implement all aspects of any final administrative order, judgement, or decision," and to pay for any settlement, judgment, or costs arising from an action from appropriate funds allocated to it. ID at 5-6 (quoting 10 U.S.C. § 10508, as amended by the 2017 NDAA). Nonetheless, he concluded that it did not amend relevant law to designate state National Guards as Federal agencies or adjutants general as Federal employees and that the Board's ability to order relief was still limited to Federal agencies and Federal employees, as set forth in 5 U.S.C. § 1204(a)(2). ID at 6. Accordingly, he found that he could not "order effective relief in this matter," and he dismissed the appeal for failure to state a claim upon which relief could be granted. *Id.*

¶5      The appellant has filed a petition for review of the initial decision arguing that the administrative judge misinterpreted the 2017 NDAA amendments and, therefore, erred in finding that the Board lacked the authority to grant relief. Petition for Review (PFR) File, Tab 1. The agency has filed a response.[1] PFR File, Tab 3.

---

[1] After the close of record in this matter, the appellant filed two separate motions to present supplemental authority and corresponding argument based on the U.S. Supreme Court's decision in *Ohio Adjutant General's Department v. Federal Labor Relations Authority*, 598 U.S. 449 (2023), and the Board's recent Opinion and Order in *Erdel v. Department of the Army*, 2023 MSPB 27. PFR File, Tabs 4, 6. The Board generally does not permit an additional pleading after the close of the record on review unless the party demonstrates a need for such a pleading. *See* 5 C.F.R. § 1201.114(a)(5) (requiring that a motion for leave to file an additional pleading on review "describe the nature of and need for the pleading"). We already addressed the Supreme Court's decision in the recent Opinion and Order in *Erdel*, 2023 MSPB 27, ¶ 14 & n.7, which was issued after the appellant filed his first motion. Additionally, the application of *Erdel* to this appeal is discussed in this Opinion and Order. Because there is no need for additional argument on either case at this stage of the proceedings, we deny the appellant's motions.

ANALYSIS

The Board has the authority to grant relief in this appeal.

¶6    The Board has the authority to "order any Federal agency or employee to comply with any order or decision issued by the Board" in matters falling within its jurisdiction. 5 U.S.C. § 1204(a)(2). In *Singleton*, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) addressed the "hybrid" state-Federal character of the National Guard and held that the Board could not order an adjutant general to provide relief to a National Guard technician employee because the adjutant general is not a Federal employee, and a state National Guard, even if an agency, "can act only through its adjutant general." *Singleton*, 244 F.3d at 1333, 1336-37. As noted above, the administrative judge applied the holding in *Singleton* and determined that neither the 2017 NDAA nor the appellant's status as a Title 5 civilian employee compelled a different outcome. ID at 5-6. We disagree.

¶7    The holding in *Singleton* that the Board lacks the authority to issue enforceable orders to remedy improper employment actions taken against National Guard dual-status technicians has been abrogated by 32 U.S.C. § 709. *Erdel v. Department of the Army*, 2023 MSPB 27, ¶¶ 11-16. The appellant, however, was not a dual-status technician appointed pursuant to 32 U.S.C. § 709. Rather, the agency appointed the appellant under the authority of section 932 of the 2017 NDAA. IAF, Tab 16 at 9. Therefore, the Federal Circuit's decision in *Singleton* and our decision in *Erdel* are not controlling here.

¶8    Section 932, the appellant's appointment authority, amended 10 U.S.C. § 10508 to authorize the Chief of the National Guard Bureau to employ individuals within the National Guard Bureau and the National Guard of each state and territory under certain listed sections of Title 5 or Title 32. 130 Stat. at 2363 (codified as amended at 10 U.S.C. § 10508(b)(1)). The National Guard Bureau is a component within the Department of Defense (DOD) and is a "joint activity of the [DOD]." 10 U.S.C. § 10501. The Chief of the National Guard

Bureau is not an employee of a state National Guard or an adjutant general. Rather, he is a military officer appointed by and serving at the will of the President, and "a member of the Joint Chiefs of Staff." 10 U.S.C. § 10502(a)-(b), (d). Section 932 of the 2017 NDAA authorizes the Chief of the National Guard Bureau to designate adjutants general to appoint and employ National Guard employees. 130 Stat. at 2363 (codified at 10 U.S.C. § 10508(b)(2)). In exercising this delegated authority, the adjutant general for each jurisdiction is tasked with taking and defending any "adverse actions under [T]itle 5" against such employees. *Id.* at 2363-64 (codified at 10 U.S.C. § 10508(b)(3)). Under this arrangement, a state National Guard acts through the authority delegated to it by the National Guard Bureau and its Chief, which are integrated into the DOD.

¶9    Turning to administrative actions taken by a state National Guard against employees, the amended statute expressly provides that an employee appointed under 10 U.S.C. § 10508(b), such as the appellant, may file "an administrative complaint, grievance, claim or action" challenging a Title 5 adverse action. 130 Stat. at 2363 (codified at 10 U.S.C. § 10508(b)(3)). It would be implausible for Congress to have specifically provided for an administrative remedy for adverse actions under Title 5, but for there to be no relief available from the Board, which has jurisdiction to adjudicate such claims. *See Erdel*, 2023 MSPB 27, ¶ 11 (observing that it would be "beyond strange" for Congress to have specifically amended two statutory provisions in different titles of the U.S. Code to provide for Board appeal rights to National Guard technicians, but for there to be no relief available from the Board). Further, in the 2017 NDAA, Congress provided that the applicable adjutant general and National Guard "shall promptly implement all aspects of any final administrative order, judgment, or decision" in connection with an administrative proceeding challenging its adverse action against an individual hired under section 10508(b). 130 Stat. at 2363-64 (codified at 10 U.S.C. § 10508(b)(3)(B)). This language effectively authorizes the Board to enforce orders against the various National Guards.

¶10     Moreover, the 2017 NDAA provides that any "settlement, judgment, or costs . . . shall be paid from appropriated funds allocated to the National Guard of the jurisdiction concerned," thereby eliminating any concern that state funds will be burdened.  130 Stat. at 2364 (codified at 10 U.S.C. § 10508(b)(3)(E)).  In fact, if an adverse action is challenged in "any court . . . , the United States shall be the sole defendant or respondent," and the U.S. Attorney General "shall defend" it. 130 Stat. at 2363-64 (codified at 10 U.S.C. § 10508(b)(3)(C)-(D)).

¶11     Based on the foregoing, we conclude that the Board may order relief in this appeal.  We vacate the initial decision which came to the opposite conclusion.

## ORDER

¶12     For the reasons discussed above, we remand this case to the Denver Field Office for further adjudication in accordance with this Opinion and Order.  On remand, the administrative judge should hold the jurisdictional hearing to which he initially found the appellant was entitled to determine whether the Board has jurisdiction over the appeal in light of the parties' LCSA.

_Gina K. Grippando_

Gina K. Grippando
Clerk of the Board
Washington, D.C.