**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MELINDA GIBSON,<br>　　　　　Appellant, | DOCKET NUMBER<br>NY-0752-22-0028-A-1 |
| 　　　　v. | |
| DEPARTMENT OF THE ARMY,<br>　　　　　Agency. | DATE: March 20, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Neil C. Bonney, Esquire, and Laura A. O'Reilly, Esquire, Virginia Beach,
　　Virginia, for the appellant.

John B. Gupton, Esquire, and Felix Lizasuain, Esquire, Kingshill, Virgin
　　Islands, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

¶1　　The agency has filed a petition for review of the addendum initial decision, which granted the appellant's motions for attorney fees and costs in the amount of $96,735.00. On petition for review, the agency disagrees with the administrative judge's determination that the Board has the authority to order the U.S. Virgin Islands National Guard (VING)'s Adjutant General to provide relief. Attorney

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Fee Petition for Review (AFPFR) File, Tab 1 at 6-18. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.[2] 5 C.F.R. § 1201.113(b).

¶2　　On review, the agency maintains that pursuant to the decision of the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) in *Singleton v. Merit Systems Protection Board*, 244 F.3d 1331 (Fed. Cir. 2001), the Board cannot grant the appellant relief because it lacks authority over the VING Adjutant General. AFPFR File, Tab 1 at 10-16; Attorney Fees File (AFF), Tab 4 at 7-10. However, the holding in *Singleton* that the Board lacks the authority to issue enforceable orders to remedy improper employment actions taken against National Guard dual status technicians has been abrogated by Congress's changes to 32 U.S.C. § 709, enacted as part of the National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, § 932, 130 Stat. 2000, 2363-64 (2016). *See Erdel v. Department of the Army*, 2023 MSPB 27, ¶¶ 10-16. Moreover,

_____

[2] After the record closed on review, the appellant submitted two motions to provide supplemental authority and supplement her response to the agency's petition for review. AFPFR File, Tabs 5, 7. The agency has responded to the first of these motions. AFPFR File, Tab 6. Due to our findings here, we deny the motions.

contrary to the agency's argument, *Singleton* only applied to dual status National Guard technicians. The agency concedes that the appellant was a Title 5 employee and not a dual status National Guard technician. AFPFR File, Tab 4 at 5. Thus, even if *Singleton* had not been abrogated, it would not be controlling here. *See Erdel*, 2023 MSPB 27, ¶¶ 11-16. Accordingly, we agree with the administrative judge's finding that the Board may order relief in this appeal. AFF, Tab 6, Addendum Initial Decision (AID) at 6-8.

On review, the parties do not challenge any of the administrative judge's findings regarding the fee award factors or the amount of the fees and costs awarded. AFPFR File, Tabs 1, 3-4. To establish entitlement to an award of attorney fees under 5 U.S.C. § 7701(g)(1), an appellant must show that (1) she was the prevailing party; (2) she incurred attorney fees pursuant to an existing attorney-client relationship; (3) an award of attorney fees is warranted in the interest of justice; and (4) the amount of attorney fees claimed is reasonable. *See Caros v. Department of Homeland Security*, 122 M.S.P.R. 231, ¶ 5 (2015). The administrative judge found that the appellant established that she was the prevailing party, that an attorney-client relationship existed, that the award of attorney fees was warranted in the interest of justice due to the agency's due process violations and gross procedural errors, and that both the hourly rate and hours claimed by the appellant's attorneys were reasonable. AID at 8-15. The administrative judge reduced the appellant's request for costs by $2,045.50 when she excluded the appellant's request for deposition and copying expenses. AID at 14-15. Neither party has disputed any of those findings on review, and we decline to disturb them.[3]

---

[3] In the agency's December 22, 2022 reply to the appellant's response to the agency's petition for review, the agency "requests that the [Board] review the Initial Decision in [the removal appeal] and reverse the aforesaid Initial Decision and dismiss the [a]ppellant's appeal of her removal by the [a]gency." AFPFR, Tab 4 at 5 n.2. This request is denied. An attorney fees proceeding is an addendum proceeding in which the Board does not reconsider the merits of its final decision in the underlying appeal. *Matthews v. Social Security Administration*, 104 M.S.P.R. 130, ¶ 8 (2006) (citing *Yorkshire v. Merit Systems Protection Board*, 746 F.2d 1454, 1458 (Fed. Cir. 1984)

**ORDER**

We ORDER the agency to pay the attorney of record $96,735.00 in fees and costs. The agency must complete this action no later than 20 days after the date of this decision. Title 5 of the United States Code, section 1204(a)(2) (5 U.S.C. § 1204(a)(2)).

We also ORDER the agency to tell the appellant and the attorneys promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. We ORDER the appellant and the attorneys to provide all necessary information that the agency requests to help it carry out the Board's Order. The appellant and the attorneys, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant or the attorneys that it has fully carried out the Board's Order, the appellant or the attorneys may file a petition for enforcement with the office that issued the initial decision on this appeal, if the appellant or the attorneys believe that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant or the attorneys believe the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. *See* 5 C.F.R. § 1201.182(a).

**NOTICE OF APPEAL RIGHTS**[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

("the [Board's] decision on the fee motion is an addendum to the decision on the merits and not a reconsideration of the evidence in a new light")). The initial decision reversing the appellant's removal was issued on July 11, 2022, and became the final decision of the Board when neither party petitioned the Board for review. *Gibson v. Department of the Army*, MSPB Docket No. NY-0752-22-0028-I-1, Initial Decision at 1-2, 34; *see* 5 C.F.R. § 1201.113.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.